UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY; WILLIAM R. BIEWENGA; LAURIE WARNER; TIMOTHY GALLIGAN; JIM SIMMONS; DAVID LANTAGNE; ALFRED MORIN; TROY CITY TACTICAL LLC; PRECISION POINT FIREARMS LLC; SHOOTING SUPPLY LLC; DOWNRANGE INC. d/b/a CAPE COD GUN WORKS; FIREARMS POLICY COALITION, INC.; COMMONWEALTH SECOND AMENDMENT, INC.; and SECOND AMENDMENT FOUNDATION, INC.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts; MONICA BHAREL MD, MPH, in her Official Capacity as Commissioner of the Massachusetts Department of Public Health; JAMISON GAGNON, in his Official Capacity as Commissioner of the Department of Criminal Justice Information Services; ALBERT F. DUPRE, in his Official Capacity as Chief of the Fall River Police Department; ROBERT F. RUFO, in his Official Capacity as Chief of the Woburn Police Department; KEITH A. PELLETIER, in his Official Capacity as Chief of the Westport Police Department and MATTHEW SONNABEND, in his Official Capacity as Chief of the Barnstable Police Department,<br><br>    *Defendants*. | CIVIL ACTION NO. 1:20-cv-10701-DPW |

**DEFENDANTS' NOTICE OF RELATED CIVIL CASE UNDER LOCAL RULE 40.1(g)**

1.    Defendants Charles D. Baker, in his Official Capacity as Governor of the Commonwealth of Massachusetts; Monica Bharel MD, MPH, in her Official Capacity as Commissioner of the Massachusetts Department of Public Health; and Jamison Gagnon, in his Official Capacity as Commissioner of the Department of Criminal Justice Information Services file this notice to alert the Court and the Clerk that this matter is a "related civil case" pursuant to Local Rule 40.1(g)(1).

2.  This matter is related, pursuant to the Local Rule, to *Cedrone, LLC, d/b/a Shawsheen Firearms, et al. v. Baker, et al.*, C.A. No. 4:20-cv-40041-TSH (Complaint filed April 9, 2020) ("*Cedrone*"), which is pending in Worcester. A copy of the complaint in that matter is attached as Exhibit 1.

3.  Governor Charles D. Baker is the first named Defendant in both this case and in *Cedrone*.

4.  Both complaints involve claims, *inter alia*, that the Governor's emergency order closing various non-essential businesses, including retail gun businesses, violates the Second Amendment with respect to gun businesses, despite the ongoing COVID-19 public health crisis.

5.  The complaint in this case and in *Cedrone* were filed on the same day. On April 15, 2020, this Court scheduled a hearing for May 4, 2020 on the Plaintiffs' Motion for a Preliminary Injunction. *See* ECF No. 25. No motion for preliminary relief appears on the docket in *Cedrone* and, accordingly, no hearing has been scheduled in *Cedrone*.

    Respectfully submitted,

    MAURA HEALEY
    ATTORNEY GENERAL

    /s/ Julia Kobick
    Julia Kobick (BBO No. 680194)
    Assistant Attorney General
    Gary Klein (BBO No. 560769)
    Special Assistant Attorney General
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 963-2559
    julia.kobick@mass.gov
    Gary.Klein@state.ma.us

Dated: April 16, 2020

## **CERTIFICATE OF SERVICE**

       I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF). I further certify that I have emailed a copy of this Notice to counsel for the plaintiffs in *Cedrone LLC v. Baker*, No. 4:20-cv-40041-TSH, at the following email address:

**Andrew J. Couture**
Law Office of Andrew J. Couture
81 Merriam Avenue
Leominster, MA 01453
AttyCouture@gmail.com

                                             /s/ Julia Kobick
                                              Julia Kobick
                                              Assistant Attorney General

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Cedrone, LLC d/b/a Shawsheen Firearms, )
John A. Demalia, Jr. d/b/a )
Demalia Firearms and Training, )
Gun Owners of America, Inc., )
Michael Barosso, )
Doris V. Stewart, )
Hardwick Rod and Gun Club, Inc., )
Tools of Liberty, )
Magnum Enterprises, LLC d/b/a Bear Arms, )
Brophy's Fine Firearms, Inc., )
Bachant Armaments Corporation, )
OuterLimits, LLC d/b/a OuterLimits Pro Shop, )
Overwatch Outpost, ) Civil Action No.:
J & J Arms, LLC, )
Armour Sports, Inc., )
    Plaintiffs )
 )
 )
v. )
 )
 )
Charles Duane Baker, Jr., in his Capacity as )
Governor of the Commonwealth of Massachusetts, )
Maura T. Healey, in her Capacity as Attorney )
General of the Commonwealth of Massachusetts, )
    Defendants )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### PARTIES

1. The Plaintiff, Cedrone, LLC d/b/a Shawseen Firearms ("Shawsheen"), is a Massachusetts LLC with a principal place of business at 12 Hadley St., North Billerica, MA 01862 and is engaged in the manufacture and sale of firearms.

2. The Plaintiff, John A. Demalia, Jr., d/b/a Demalia Firearms and Training ("Demalia"), is a Sole Proprietorship with a principal place of business at 53 Gardner Rd., Unit 1, Hubbardston, MA 01452 and is engaged in the retail sale of firearms and teaching basic handgun safety courses.

3. The Plaintiff, Gun Owners of America, Inc. ("GOA"), is a California non-stock corporation with its principal place of business in Virginia, at 8001 Forbes Place,

1

Springfield, Virginia 22151. GOA is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. GOA was formed in 1975 to preserve and defend the Second Amendment rights of gun owners. GOA has hundreds of members and supporters living in and patronizing gun stores and shooting ranges in Massachusetts.

4. The Plaintiff, Michael Barosso ("Michael"), is domiciled in the Commonwealth of Massachusetts, is properly licensed to purchase and possess firearms, is not otherwise disqualified from doing so, but is presently unable to do so.

5. The Plaintiff, Doris V. Stewart ("Doris"), is domiciled in the Commonwealth of Massachusetts, is properly licensed to purchase and possess firearms, is not otherwise disqualified from doing so, but is presently unable to do so.

6. The Plaintiff, Hardwick Rod and Gun Club, Inc. ("Hardwick"), is a Massachusetts Non-Profit Corporation with an address of 59 Thresher Rd., Hardwick, MA 01037 and is engaged in the business of running a shooting range.

7. The Plaintiff, Tools of Liberty ("Tools of Liberty"), is a Sole Proprietorship with a principal place of business at 223 North St., Erving, MA 01344 and is engaged in the retail sale of firearms.

8. The Plaintiff, Magnum Enterprises, LLC d/b/a Bear Arms ("Bear Arms"), is a Massachusetts LLC with a principal place of business at 117 New Athol Rd., Orange, MA 01364 and is engaged in the retail sale of firearms.

9. The Plaintiff, Brophy's Fine Firearms, Inc. ("Brophy's"), is a Massachusetts Domestic Profit Corporation with a principal place of business at 121 Wood St., Middleboro, MA 02346 and is engaged in the retail sale of firearms.

10. The Plaintiff, Bachant Armaments Corporation ("Bachant"), is a Massachusetts Corporation with a principal place of business at 142 Bedford St., Lakeville, MA 02347 and is engaged in the retail sale of firearms.

11. The Plaintiff, OuterLimits, LLC d/b/a OuterLimits Pro Shop ("OuterLimits"), is a Massachusetts LLC with a principal place of business at 148 Centre St., Holbrook, MA 02343 and is engaged in the retail sale of firearms.

12. The Plaintiff, Overwatch Outpost ("Overwatch"), is a Sole Proprietorship with a principal place of business at 97 Main St., Charlemont, MA 01339 and is engaged in the retail sale of firearms.

13. The Plaintiff, J&J Arms, LLC ("J&J"), is a Massachusetts LLC with a principal place of business at 224 Bussey St., Dedham, MA 02026 and is engaged in the retail sale of firearms.

2

14. The Plaintiff, Armour Sports, Inc. ("Armour"), is a Massachusetts Corporation with a principal place of business at 20 Taunton Green, Taunton, MA 02780 and is engaged in the retail sale of firearms.

15. The Defendant, Charles Duane Baker, Jr. ("Governor"), is a citizen of and the Governor of the Commonwealth of Massachusetts.

16. The Defendant, Maura T. Healey ("AG"), is a citizen of and the Attorney General of the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

17. The Court has Subject Matter Jurisdiction under 42 U.S.C. §§ 1331, 1343.

18. The Court has Personal Jurisdiction over Governor and AG because they have acted, act and threaten to act under the color of the laws of the Commonwealth of Massachusetts and did so, do so and threaten to do so within the geographic confines of the Commonwealth of Massachusetts.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

20. Governor issued an order on March 23rd, 2020, compelling all "non-essential" businesses to close until further notice. This order was updated and extended on April 1st, 2020.

21. Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J and Armour are among the class of businesses which have been ordered closed.

22. GOA is an organization whose members and supporters reside in the Commonwealth of Massachusetts and are being adversely affected by the shutdown order in that they are being denied their Second and Fourteenth Amendment and Article XVII rights.

23. Michael is a Massachusetts citizen who has been adversely affected by the shutdown order.

24. Doris is a Massachusetts citizen who has been adversely affected by the shutdown order.

25. The Federal Government, through the Department of Homeland Security ("DHS"), on March 28th, 2020, issued a "Memorandum on Identification of Essential Critical Infrastructure Workers During Covid-19 Response."

26. In that memorandum, firearms retailers and shooting ranges were listed as "essential," under the heading of Law Enforcement, Public Safety, and Other First Responders.

3

27. On April 1st, 2020, Governor promulgated regulations which were in line with those promulgated by the DHS, permitting firearm's retailers and shooting ranges to reopen. Exhibit A.

28. Curiously, within a few hours of the aforementioned promulgation, Governor reversed himself, and ordered all firearm's retailers and shooting ranges closed.

29. In the time period between these two events, AG made public proclamations that firearms retailers and shooting ranges were not essential businesses. Exhibit B.

30. AG has also publicly stated that abortions are still essential. Exhibit C.

31. Each of the Plaintiffs has been adversely affected by Governor's order in some way.

32. Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J, and Armour each hold a Federal Firearms License ("FFL"), which permits them to manufacture and/or sell firearms and also hold appropriate State Licenses permitting the same and/or basic handgun safety courses.

33. Hardwick operates a shooting range which is properly licensed and organized under the laws of the Commonwealth of Massachusetts.

34. GOA is an organization with members residing in the Commonwealth of Massachusetts and is asserting a claim on behalf of those members adversely affected by the shutdown order.

35. Michael is a private citizen who has been unable to purchase a firearm since Governor ordered all gun stores closed.

36. Doris is a private citizen who has been unable to purchase a firearm since governor ordered all gun stores closed.

37. DHS has clearly stated that firearm's retailers and shooting ranges are "essential businesses," and thus should not be shut down.

38. Despite this, Governor has ordered the Plaintiffs to close their doors for the indefinite future, and given May 4th, 2020 as a possible date of reopening, but has not guaranteed this will happen.

39. Compounding this, Governor has announced that firearms retailers are "ineligible" for any sort of emergency funds or loans which would permit them to survive an extended shut down.

40. AG has made it clear, through her public posts and previous actions, that as the chief law enforcement officer of the Commonwealth, she will enforce Governor's order.

41. This leaves the Plaintiff businesses in an extremely precarious situation, as their livelihoods are being threatened, they are properly licensed to operate, and have been acknowledged as essential services by the Federal Government, but are still being forced to close by Governor and AG.

42. GOA's members are being denied their Second Amendment, Fourteenth Amendment and Article XVII rights.

43. Michael is being denied his Second Amendment and Fourteenth Amendment and Article XVII rights as Governor and AG have substantially infringed on his right to keep and bear arms without providing due process under the law.

44. Doris is being denied her Second Amendment and Fourteenth Amendment and Article XVII rights as Governor and AG have substantially infringed on her right to keep and bear arms without providing due process under the law.

45. Plaintiffs, through Counsel, sent notice to Governor of his unlawful conduct as well as a request for it to immediately cease.

46. Said notice was sent via certified mail, return receipt requested.

47. Said notice was received by Governor on April 6th, 2020.

48. To date, Governor has not responded to Plaintiffs' request.

## FACTS RELATED TO INJUNCTIVE RELIEF

49. Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J, and Armour are properly licensed businesses which wish to engage in the retail sale of firearms and/or teaching a basic handgun safety course.

50. However, under Governor's order dated April 1st, they are prevented from doing so.

51. Demalia has also been ordered, by the Massachusetts State Police, acting on Governor's orders, to cease teaching the basic handgun safety course, even if he had less than six people in the class or did so online via video conferencing.

52. Hardwick is a properly licensed Non-Profit Corporation which wishes to operate a lawful shooting range.

53. However, under Governor's order dated April 1st, Hardwick is prevented from doing so.

5

54. GOA's members and supporters wish to purchase firearms and ammunition for all lawful purposes including self-defense both within and without the home, but are essentially prohibited from doing so.

55. Michael is a private citizen who wishes to purchase a firearm and ammunition for all lawful purposes including self-defense both within and without the home.

56. Michael is a law abiding citizen who has no disqualifications that would prohibit him from purchasing or possessing firearms under federal or state law.

57. However, under Defendant's shut down order, Michael is prevented from doing so.

58. Doris is a private citizen who wishes to purchase a firearm and ammunition for all lawful purposes including self-defense both within and without the home.

59. Doris is a law abiding citizen who has no disqualifications that would prohibit her from purchasing or possessing firearms under federal state law.

60. However, under Governor's shut down order, Doris is prevented from doing so.

61. Thus, Governor's order dated March 23rd and updated April 1st, deprives all Plaintiffs of property and/or Constitutional rights.

62. Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J and Armour, are being and will continue to be irreparably harmed by the Order, as well as Governor's and AG's application thereof. If this Honorable Court does not enjoin their actions, these Plaintiffs will continue to be deprived of their property rights in their Federal Firearms Licenses, their Massachusetts business Licenses, as well as their Second Amendment rights, their rights under Article XVII of the Massachusetts Declaration of Rights and their due process rights.

63. GOA's members and supporters are, and will continue to be, irreparably harmed by the Order, and the application thereof. If this Honorable Court does not enjoin Governor's and AG's actions, GOA's members and supporters will continue to be deprived of their Second Amendment and Article XVII rights.

64. Michael is, and will continue to be, irreparably harmed by the Order, and Governor's and AG's application thereof. If this Honorable Court does not enjoin their actions, Michael will continue to be deprived of his Second Amendment, Article XVII and due process rights.

65. Michael needs to obtain arms and ammunition with which to defend himself during this time of crisis. Governor's and AG's actions have completely denied him that ability.

66. Doris is, and will continue to be, irreparably harmed by the Order, and Governor's and AG's application thereof. If this Honorable Court does not enjoin their actions, Doris

6

will continue to be deprived of her Second Amendment, Article XVII and due process rights.

67. Doris needs to obtain arms and ammunition with which to defend herself during this time of crisis, as she owns none. Governor's and AG's actions have completely denied her that ability.

**COUNT I – DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. § 1983**
**Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J & Armour**
**v.**
**Governor & AG**

68. Plaintiffs repeat and reaver paragraphs one through sixty-seven as though fully set forth herein.

69. Under color of State law, Governor and AG acted and conspired to issue a State-wide shut down Order that shutters the operation of the Commonwealth's retail firearm industry, and shooting ranges, thereby depriving Plaintiffs' of their property interests in their Federal Firearm's Licenses, as well as their State issued business licenses, without providing notice or an opportunity to contest such deprivation.

70. Such conduct is in violation of the Fourteenth Amendment Due Process Clause.

71. Additionally, under color of State law, Governor, speaking in his capacity as Governor of the Commonwealth of Massachusetts, and conspiring with specific intent to deprive Plaintiffs of their property rights in their licenses, as well as their Fourteenth Amendment rights, bluntly announced that gun stores, and shooting ranges, would be considered non-essential under his order, and also ineligible for state aid during this time, requiring them to remain closed, leading those gun stores to incur the loss of business revenue and good will, entitling Plaintiffs to compensatory damages.

72. Further, under color of State law, Governor & AG, acting both individually, collectively, and in their official capacity, have deliberately disregarded the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency's Advisory Memorandum issued March 28, 2020, identifying all those working in the firearms industry to be essential critical Infrastructure workers, choosing instead to threaten Plaintiffs with civil and criminal sanctions for the act of staying open for business to serve the Second Amendment needs of Massachusetts residents, in a time of public emergency, warranting an award of punitive damages. Exhibit D.

**COUNT II – DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. § 1983**
**Gun Owners of America, Michael & Doris**
**v.**
**Governor & AG**

7

73. Plaintiffs repeat and reaver paragraphs one through seventy-two as though fully set forth herein.

74. Under color of State law, Governor and AG acted and conspired to issue a State-wide shut down Order that shutters the operation of the Commonwealth's retail firearm industry, and shooting ranges, thereby essentially depriving Plaintiffs' of, and substantially infringing on, their ability to obtain firearms, ammunition and necessary training, to exercise their constitutionally protected Second Amendment rights, and denying them any notice or opportunity to contest such deprivation, in violation of the Fourteenth Amendment.

75. Such willful and unlawful conduct necessitates the award of declaratory and injunctive relief.

76. Additionally, under color of State law, Governor, speaking in his capacity as Governor of the Commonwealth of Massachusetts, and conspiring with specific intent to deprive Plaintiffs of their Second Amendment right to keep and bear arms, and Fourteenth Amendment right to due process, bluntly announced that gun stores and shooting ranges, would be considered non-essential under his order, requiring them to remain closed, thereby depriving Plaintiffs of any meaningful chance of obtaining firearms, ammunition and necessary training for all lawful purposes, including self-defense both within and without the home, warranting an award of punitive damages.

77. Further, under color of State law, Governor & AG, acting both individually, collectively, and in their official capacity, have deliberately disregarded the U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency's Advisory Memorandum issued March 28, 2020, identifying all working in the firearms industry to be essential critical Infrastructure workers, choosing instead to shutter the Commonwealth's retail firearm industry, essentially depriving them of their Second and Fourteenth Amendment rights in a time of public emergency, warranting an award of punitive damages.

### COUNT III – VIOLATION OF SECOND AMENDMENT, U.S. CONSTITUTION
**All Plaintiffs**
**v.**
**Governor & AG**

78. Plaintiffs repeat and reaver paragraphs one through seventy-seven as though fully set forth herein.

79. Insofar as Governor has ordered that all gun stores and shooting ranges be closed, it violates the Second Amendment to the United States Constitution, which states: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed."

80. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

81. The Fourteenth Amendment to the United States Constitution provides in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amen. XIV.

82. The Second Amendment "is fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *see also id.* at 805 (Thomas, J., concurring).

83. The "core lawful purpose" of the right to keep and bear arms is "self-defense." *Heller*, 554 U.S. at 571, 630; *accord McDonald*, 561 U.S. at 767-68.

84. The Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635.

85. Governor's order shuttering all gun stores and shooting ranges in the Commonwealth has violated the Second Amendment in that GOA's members, Michael and Doris, cannot purchase firearms or ammunition for defense of hearth and home.

86. Furthermore, Demalia, Shawsheen, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J & Armour are engaged in the commercial sale of firearms and Defendant's order is a violation of *Heller*, as "Commercial regulations on the sale of firearms do not fall outside the scope of the Second Amendment[.]" *United States v. Marzzarella*, 614 F.3d 85, 92 n.8 (3d Cir. 2010). Rather, "prohibiting the commercial sale of firearms … would be untenable under *Heller*." *Id.*

87. Governor and AG's decision to shutter the Commonwealth's retail firearm industry is nothing short of a prohibition on the commercial sale of firearms, and as stated in *Marzzarella,* is violative of *Heller*.

88. "This prohibition guards against "the arbitrary exercise of the powers of government." Id. citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

89. Despite these protections, Governor and AG have denied the Plaintiffs their Second Amendment rights by ordering all gun stores and shooting ranges shuttered for the indefinite future, but at least until May 4th, 2020.

**COUNT IV – VIOLATION OF ARTICLE XVII, MASSACHUSETTS**
**DECLARATION OF RIGHTS**
**Gun Owners of America, Michael & Doris**
**v.**
**Governor & AG**

9

90. Plaintiffs repeat and reaver paragraphs one through eighty-nine as though fully set forth herein.

91. Insofar as Governor's order, to be enforced by AG, orders all gun stores and shooting ranges be closed, it violates Article XVII of the Massachusetts Declaration of Rights which states, "The people have a right to keep and to bear arms for the common defence." *Massachusetts Declaration of Rights – Article 17.*

92. "The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving any person of "life, liberty, or property, without due process of law." Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011) citing. U.S. Const. amend. XIV, § 1.

93. "This prohibition guards against "the arbitrary exercise of the powers of government." Id. citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

94. Despite these protections, Governor and AG have denied the Plaintiffs their Article XVII rights by ordering all gun stores and shooting ranges shuttered for the indefinite future, but at least until May 4th, 2020.

### COUNT IV – DEPRIVATION OF DUE PROCESS RIGHTS
**All Plaintiffs**
**v.**
**Governor & AG**

95. Plaintiffs repeat and reaver paragraphs one through ninety-four as though fully set forth herein.

96. The Supreme Court recognizes that before being deprived of an occupational license, the licensee is entitled to Procedural Due Process. "It is clear that Barchi had a property interest in his license sufficient to invoke the protection of the Due Process Clause." *Barry v. Barchi,* 443 U.S. 55, 64, 99 S.Ct. 2642, 2649 (1979).

97. Despite this recognized protection of a business license, Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J and Armour have essentially been deprived of their licenses without being afforded procedural due process, which violates the relevant case law. ""Suspension of issued licenses . . . involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Dixon v. Love*, 431 U.S. 105, 112, 97 S.Ct. 1723, 1727 citing *Bell v. Burson*, 402 U.S., at 539, 91 S.Ct., at 1589.

98. Additionally, "The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving any person of "life, liberty, or property, without due process of law."

10

Harron v. Town of Franklin, 660 F.3d 531, 535 (1st Cir. 2011) citing. U.S. Const. amend. XIV, § 1.

99. "This prohibition guards against "the arbitrary exercise of the powers of government." Id. citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

100. Despite this fact, Governor and AG have unilaterally, arbitrarily and unlawfully stripped, Demalia, Shawsheen, Hardwick, Tools of Liberty, Bear Arms, Brophy's, Bachant, OuterLimits, Overwatch, J&J and Armour of their due process rights before essentially depriving them of their Federal and State licenses.

101. Furthermore, GOA's members, Michael and Doris, have all been stripped of their Second Amendment and Article XVII rights, to keep and bear arms, and practice with the same, in that all gun stores and shooting ranges are closed by order of Defendant and enforced by AG.

102. Finally, GOA, Michael and Doris have been stripped of their Fourteenth Amendment right to due process in that Governor and AG have essentially stripped them of their Second Amendment and Article XVII without providing due process.

103. In the absence of judicial relief, such deprivation will continue indefinitely and Plaintiffs shall be, if they have not already been, irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, the Plaintiffs request that the Court grant the following relief:

a. The issuance of a temporary restraining order barring Governor and AG, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcement of the challenged Order as it relates to Second Amendment related businesses, such as those identified in the March 28, 2020 CISA Memorandum.

b. A declaratory judgment, pursuant to the Declaratory Judgment Act (28 U.S.C.§§ 2201-2202) or other applicable law, that holds unlawful and sets aside the Order insofar as it relates to the Firearms Industry;

c. An order preliminarily and permanently enjoining Governor and AG, their officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing the challenged Order as it relates to Second Amendment related businesses, or in any other way closing down any aspect of the Firearms Industry during declared emergencies;

11

d. An award of attorneys' fees and costs to Plaintiffs pursuant to Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), 42 U.S.C. § 1988, and any other applicable statute or authority;

e. Nominal and punitive damages; and

f. Any other relief that this Court in its discretion deems just and proper.

Respectfully submitted,
The Plaintiffs,
Cedrone, LLC d/b/a Shawsheen Firearms,
Gun Owners of America, Inc.,
Hardwick Rod and Gun Club, Inc.,
Tools of Liberty,
Magnum Enterprises, LLC d/b/a Bear Arms,
Brophy's Fine Firearms, Inc.,
Bachant Armaments Corporation,
OuterLimits, LLC d/b/a OuterLimits Pro Shop,
Overwatch Outpost,
J & J Arms, LLC,
Armour Sports, Inc.,
By their attorney,

/s/ *Andrew J. Couture*
Andrew J. Couture, Esq. BBO # 671193
Law Office of Andrew J. Couture
81 Merriam Avenue
Leominster, MA 01453
Tel: (978) 502-0221

Dated: April 9th, 2020