UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL McCARTHY, et al.,        )
                                 )    Civil Action No.
    Plaintiffs,               )    20-10701-DPW
                                 )
v.                               )
                                 )
CHARLES D. BAKER, in his         )
Official Capacity as Governor    )
of the Commonwealth of           )
Massachusetts, et al.,           )
                                 )
    Defendants.               )
_____

CEDRONE, LLC d/b/a SHAWSHEEN     )
FIREARMS, et al.,                )
                                 )    Civil Action No.
    Plaintiffs,               )    20-40041-DPW
                                 )
v.                               )
                                 )
CHARLES DUANE BAKER, in his      )
capacity as GOVERNOR             )
OF THE COMMONWEALTH OF           )
MASSACHUSETTS, et al.            )
                                 )
    Defendants.

PROCEDURAL ORDERS
April 30, 2020

    1. In their brief (Dkt. No. 9] in support of interlocutory relief in the *McCarthy* matter, the plaintiffs assert at page 5 that on or about March 31, 2020 in connection with Order No. 21 Governor Baker briefly "published an updated list of 'essential' services that reflected the updated CISA guidance and included 'firearms or ammunition . . . retailers . . . and shooting

ranges,' verbatim to the CISA guidance." A copy of Governor Baker's alleged "public[ation]" is not, however, provided by the plaintiffs as record evidence but rather the plaintiffs reference a URL for a news report about this event. The plaintiffs then assert at page 6 that "Governor Baker [thereafter] removed the language allowing 'retailers' and 'shooting ranges.'" Again, plaintiffs reference a URL for a news report but do not provide as record evidence actual document(s) said to effect and demonstrate removal.

The defendants in their responsive affidavit (Dkt. No. 62) provide as Exhibit J what they assert is a true and correct copy of Exhibit A to Order 21 listing "Essential Services" said to be "updated as of 3/31/20". This Exhibit does not include "firearms or ammunition retailers or shooting ranges."

In order to assure an accurate record of the status of what may have been successive "updates" to the essential services listing as published in connection with Order No. 21, the parties are hereby ORDERED to submit under oath on or before noon, May 1, 2020, jointly if possible, separately if not, copies of all lists of essential services published in connection with Order No. 21, including without limitation any rescissions or modification thereof together with an affidavit of explanation regarding any such action by a person with knowledge thereof.

2. In their "Joint Statement as to Advancing Trial on the Merits" (Dkt. No. 58), the parties in the *McCarthy* matter take differing positions regarding use of Fed. R. Civ. P. 65(a)(2) in this litigation.  The Commonwealth Defendants state they have no objection to proceeding in that manner.  The Plaintiffs propose to "revisit[ing] the matter after the Commonwealth Defendants have submitted their opposition papers (which will take place on April 28, 2020)."  The *McCarthy* plaintiffs say they "understand the Plaintiffs in [the *Cedrone* matter] take the same position . . .", however, the *Cedrone* Plaintiffs have yet to file any statement of position. April 28, 2020 has come and gone.

In order to assure orderly preparation for the video/teleconference hearing in this matter set to begin at 10 a.m. on May 1, 2020, the parties shall on or before noon Friday May 1, 2020 state their positions regarding the application of Fed. R. Civ. P. 65(a)(2) to this litigation.

*/s/ DOUGLAS P. WOODLOCK*
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE