UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al.,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts, et al.,<br><br>   *Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-10701-DPW |
| CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS, et al.,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>   *Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-40041-DPW |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
<u>SUPPLEMENTAL DECLARATION OF MICHAELA DUNNE</u>**

    The Defendants seek leave to file a short Supplemental Declaration of Michaela Dunne, Deputy Commissioner of the Massachusetts Department of Criminal Justice Information Services ("DCJIS"). In support thereof, they state the following:

1. Ms. Dunne filed a sworn Declaration in this matter dated April 21, 2020 ("Dunne April 21 Decl."), which was filed with Defendants' Consolidated Opposition to Plaintiffs' various motions for interlocutory injunctive relief on April 28 and 30, 2020. *See* McCarthy Doc. No. 61-3; Cedrone Doc. No. 19-3.

2. As Deputy Commissioner of the Massachusetts Department of Criminal Justice Information Services ("DCJIS"), a division of the Executive Office of Public

Safety and Security ("EOPSS"), Ms. Dunne supervises DCJIS's record-keeping systems for gun licensing and gun transactions. Dunne April 21 Decl. ¶¶ 1-2.

3. In her declaration, Ms. Dunne averred that private sales of guns are permitted under the Governor's Emergency Orders. Dunne April 21 Decl. ¶ 21.

4. In response, the plaintiffs have claimed, as a factual matter, that "[g]iven the current pandemic, it is highly unlikely that a buyer will be able to find a willing seller" in a private sale. Cedrone Plaintiffs' Reply Brief, at 7 (Cedrone Doc. No. 23); *see also* McCarthy Plaintiffs' Reply Brief, at 3-4 (McCarthy Doc. No. 67). The Plaintiffs insist that "the possibility of completing a private sale inside Massachusetts is extremely remote under even the best of circumstances, which this certainly is not." Cedrone Plaintiffs' Reply Brief, at 7 (Cedrone Doc. No. 23).

5. If leave is granted, Ms. Dunne's Supplemental Declaration would expand her previous testimony about private sales and quantify, based on state registration requirements, the number of private sales that have occurred since the Governor's emergency orders went into effect. Ms. Dunne's proposed Declaration is therefore relevant to whether the Governor's orders effect a ban on gun sales and to whether individual Plaintiffs who do not already own guns are precluded, as a practical matter, from acquiring a gun for self-defense in the home.

6. In addition, Plaintiff gun sellers have represented to the Court that they are not presently conducting retail sales due to the Governor's Orders and that they therefore cannot sell guns to the Plaintiffs. *See, e.g.*, Affidavit of John Demalia ¶ 5 (Cedrone Doc. No. 5-1); Decl. of Toby Leary, ¶¶ 3, 5, 6, 9 (McCarthy Doc. No. 19). And in their Reply Briefs, the Plaintiff gun sellers continue to represent that their stores are closed. *See* McCarthy Plaintiffs' Reply Brief, at 4 (McCarthy Doc. No. 67) ("The Closure of Firearms and Ammunition Retailers Hit the Core, not the Periphery, of the Right to Keep and Bear Arms"); Cedrone Plaintiffs' Reply Brief, at 14 (Cedrone Doc. No. 23) (characterizing "the closure mandated by the Order").

7. If leave is granted, Ms. Dunne's Supplemental Declaration would provide information from the state sales database about the number of transactions Plaintiff gun sellers have completed since the Governor's Orders went into effect. These averments would therefore also be relevant to whether the Governor's orders effect a complete ban on gun sales, to whether the Plaintiff gun sellers might in fact be conducting private or retail sales, and to whether the Plaintiff gun sellers are irreparably harmed by the Orders.

8. Ms. Dunne's 10-paragraph declaration should be allowed either as a Supplement to Ms. Dunne's prior statement, or as rebuttal to the factual matter contained in the Plaintiffs' Reply briefs and Reply declarations, which were filed after the close of business on Thursday, April 30 and on Friday, May 1.

9. Ms. Dunne's Supplemental Declaration will assist the Court in connection with the pending motions.  A copy of Ms. Dunne's Supplemental Declaration is attached as Exhibit 1.

10. This matter has proceeded on short deadlines and Plaintiffs' reply filings were made after the close of business on Thursday, April 30 and on Friday, May 1, 2020.  The Defendants have acted expeditiously and do not seek to interpose the Supplemental Declaration for the purposes of delay.

    Respectfully submitted,

    MAURA HEALEY
    ATTORNEY GENERAL

    /s/ Gary Klein
    Gary Klein
    Special Assistant Attorney General
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 651-3650
    Gary.Klein@state.ma.us

    Julia Kobick
    Assistant Attorney General
    Office of the Massachusetts Attorney General
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 963-2559
    julia.kobick@mass.gov

Dated: May 3, 2020

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that I conferred with counsel for the plaintiffs, who represented that the plaintiffs oppose this motion.

    /s/ Gary Klein
    Gary Klein
    Special Assistant Attorney General

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 3, 2020.

                                       /s/ Gary Klein
                                       Gary Klein
                                       Special Assistant Attorney General