UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts, et al.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-10701-DPW |
| CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, et al.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-40041-DPW |

## **DEFENDANTS' NOTICE OF FILING OF CONTESTED FORM OF ORDER**

As directed by this Court at the hearing of May 4, 2020, the Defendants hereby attach, as Exhibit 1, a Proposed Form of Order. Nevertheless, the Defendants continue to urge this Court to conclude that the Plaintiffs have not met their burden of establishing entitlement to preliminary injunctive relief. In preparing this Proposed Form of Order, the Defendants' counsel repeatedly sought to consult with the Plaintiffs' counsel on the substance of this submission, but did not receive feedback on this Proposed Form of Order from Plaintiffs' counsel with sufficient time to

reach agreement.  As this Court stated in the hearing on May 4, 2020, in filing this Proposed Form of Order in accordance with the Court's instructions, the Defendants do not waive or relinquish any substantive legal positions or procedural rights.

Respectfully submitted,

CHARLES D. BAKER, Governor of the Commonwealth of Massachusetts; MONICA BHAREL, MD, MPH, Commissioner of the Department of Public Health; JAMISON GAGNON, Commissioner of the Department of Criminal Justice Information Services; and MAURA HEALEY, Attorney General of the Commonwealth of Massachusetts,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia E. Kobick
Julia E. Kobick (BBO No. 680194)
Assistant Attorney General
Gary Klein (BBO No. 560769)
Special Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559
Julia.Kobick@mass.gov
Gary.Klein@state.ma.us

Dated: May 6, 2020

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

        /s/ Julia E. Kobick
        Julia E. Kobick
        Assistant Attorney General

# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al., *Plaintiffs*, v. CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts, et al., *Defendants*. | CIVIL ACTION NO. 1:20-cv-10701-DPW |
| CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS, et al., *Plaintiffs*, v. CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS, et al., *Defendants*. | CIVIL ACTION NO. 1:20-cv-40041-DPW |

**[PROPOSED FORM OF] ORDER**

It is hereby ORDERED:

Gun dealers licensed pursuant to G.L. c. 140 § 122 may conduct sales of firearms and other goods, and may sell ammunition if licensed pursuant to G.L. c. 140, § 122B, by appointment only, with no more than four appointments per hour; and are limited to operating only within the normal working hours during which they operated prior to the State of Emergency declared by the Governor on March 10, 2020;

Licensed shooting ranges shall limit occupancy to 40 percent of the maximum permitted occupancy level, as documented in their occupancy permits on record with the municipal records holder, and are limited to operating only within the normal working hours during which they operated prior to the State of Emergency declared by the Governor on March 10, 2020;

All businesses subject to this order will ensure that proper social distancing measures are in place at all times, including, but not limited to,

1) Ensuring that all employees and customers cover their nose and mouth with a mask or cloth face covering;
2) Allowing access to hand-washing facilities for customers and employees and allowing employees sufficient break time to wash hands between appointments;
3) Providing alcohol-based wipes to customers and employees, if available;
4) Establishing procedures to ensure that customers remain at least six feet apart from each other at all times, both inside and outside the business premises;
5) Providing full or partial glass or plastic barriers, if feasible, between employee areas behind counters and areas open to customers;
6) Establishing procedures to sanitize frequent touchpoints throughout the day, including point of sale terminals and registers;
7) Establishing procedures to sanitize any merchandise that is handled by customers but is not purchased and taken away by the customer;
8) Establishing procedures under which employees and other personnel who are sick shall not return to work without compliance with medically prescribed quarantine procedures; and to the extent they have symptoms of Covid-19 at work are sent home;
9) Posting signs at all entrance points that a) inform customers that the business is operating on an appointment only basis with instructions for making appointments; and b) requesting that customers who have symptoms of Covid-19 not enter the premises; and
10) Establishing such other procedures that the business deems necessary to limit the spread of the virus that causes Covid-19.

The terms of this Order will take effect two business days after its issuance in order to allow for notice by Commonwealth public safety officials to licensees, licensing authorities, state and local law enforcement officials, and to members of the public.

                                                        DOUGLAS P. WOODLOCK
                                                        DISTRICT JUDGE

DATE: