# Exhibit C



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

*Enforcement Programs & Services*

---

Washington, DC 20226

www.atf.gov

April 10, 2020

ATF Federal Firearms Licensees

Dear Federal Firearms Licensee:

In light of the March 13, 2020, declaration of a national emergency concerning the outbreak of the novel coronavirus disease (COVID-19), and the Department of Homeland Security's subsequent classification of firearms businesses as essential, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) has received questions from industry members regarding the legality of firearm sales and deliveries exterior to the brick-and-mortar structure at which the firearms business is licensed.  Specifically, Federal Firearms Licensees (FFLs) have requested guidance regarding whether they may verify customer identity and permit the completion of paperwork, including for purposes of the National Instant Criminal Background Check System; accept payment; and deliver firearms or ammunition to customers (collectively, "the requested activities") in the following settings: (1) a drive-up or walk-up window or doorway on the FFL's property; (2) a temporary table or booth located in a parking lot on the FFL's property; and (3) a nearby space that is not located on the FFL's property.

As is further detailed below, pursuant to the Gun Control Act (GCA) and its implementing regulations, a licensed importer, manufacturer, or dealer may engage in the firearms or ammunition business for which the business is licensed on any part of its business premises, provided that the activity otherwise complies with all applicable federal laws and regulations, and any sale, delivery, or disposition would not violate any State law or published ordinance applicable at the place of sale, delivery, or other disposition.

Title 18, United States Code, Section 922(a)(1)(A) provides that it is unlawful for any person, except a licensed importer, manufacturer, or dealer, to engage in the business of importing, manufacturing, or dealing in firearms.  As provided in 18 U.S.C. § 923(a), "No person shall engage in the business of importing, manufacturing, or dealing in firearms, or importing or manufacturing ammunition, until he has filed an application with and received a license to do so from the Attorney General," each applicant paying a fee for such a license, "a separate fee being required for each place in which the applicant is to do business."  The Attorney General shall issue to a qualified applicant the appropriate license.  *See* 18 U.S.C. § 923(c).

The qualifications for obtaining a firearms license are set forth in 18 U.S.C. § 923(d), which requires, among other things, that the applicant have in a State "premises from which he conducts business subject to license under this chapter or from which he intends to conduct such business within a reasonable period of time." *See* 18 U.S.C. § 923(d)(1)(E)(i). Applicants must also certify that the business to be conducted is not prohibited by State or local law in the place where the licensed premises is located. 18 U.S.C. § 923(d)(1)(F)(i). If a dealer, the applicant must "certif[y] that secure gun storage or safety devices will be available at any place in which firearms are sold under the license to persons who are not licensees." 18 U.S.C. § 923(d)(1)(G).

Although Congress did not define what constitutes a business "place" or "premises" in the GCA, ATF has defined the term "business premises" in the GCA's implementing regulations. Specifically, the GCA regulations define the term "business premises" to mean "[t]he property on which the manufacturing or importing of firearms or ammunition or the dealing in firearms is or will be conducted." 27 C.F.R. § 478.11. Further, as provided in 27 C.F.R. § 478.50, a firearms license covers the class of business or the activity specified in the license "at the address specified therein." As provided in 27 C.F.R. § 478.23, ATF must be able to "enter during business hours (or, in the case of a licensed collector, the hours of operation) the premises, including places of storage, of any such licensee for the purpose of inspecting or examining: (1) Any records or documents required to be kept by such licensee under this part and (2) Any inventory of firearms or ammunition kept or stored by any licensed manufacturer, licensed importer, or licensed dealer at such premises . . . ." ATF Form 4473, the Firearms Transaction Record, also instructs that the document shall be "Prepare[d] in original only at the licensed premises."

In light of these and other provisions of the GCA, a licensed importer, manufacturer, or dealer may, in qualifying circumstances, carry out the requested activities on any part of the business premises, including the exterior of the brick-and-mortar structure, *provided*, the activity otherwise complies with all applicable federal laws and regulations, and any sale, delivery, or disposition would not violate any State law or published ordinance applicable at the place of sale, delivery, or other disposition.

Specifically,

(1) An FFL may carry out the requested activities through a drive-up or walk-up window or doorway where the customer is on the licensee's property on the exterior of the brick-and-mortar structure at the address listed on the license.

(2) An FFL may also carry out the requested activities from a temporary table or booth located in a parking lot or other exterior location on the licensee's property at the address listed on the license, but any such activities must occur in a location where the licensee has the authority to permit ATF's entry for inspection purposes. Whether the FFL has the authority to permit such entry, and whether a location constitutes the FFL's property, is likely to be a fact-specific inquiry. An FFL carrying out the requested activities from an exterior table or booth should maintain its inventory and records securely in the interior of the brick-and-mortar structure and ensure that the records of each firearms transaction are stored in the interior.

(3) An FFL may not carry out the requested activities from a nearby space that is not located on the licensee's property at the address listed on the license, unless such activities are at a qualified in-state gun show or event, pursuant to 18 U.S.C. § 923(j) and 27 C.F.R. § 478.100, or other provision of federal law.

(4) An FFL may conduct non-over-the-counter firearm sales to unlicensed in-state residents who are exempt from NICS requirements in accordance with 18 U.S.C. § 922(c), 27 § C.F.R. 478.96, and ATF Procedure 2013-2.

Guidance documents, like this industry letter, are not binding and lack the force and effect of law, unless expressly authorized by statute or expressly incorporated into a contract, grant, or cooperative agreement.  Consistent with Executive Order 13891 and the Office of Management and Budget implementing memoranda, the Department will not cite, use, or rely on any guidance document that is not accessible through the Department's guidance portal, or similar guidance portals for other Executive Branch departments and agencies, except to establish historical facts.  To the extent any guidance document sets out voluntary standards (e.g., recommended practices), compliance with those standards is voluntary, and noncompliance will not result in enforcement action.  Guidance documents may be rescinded or modified in the Department's complete discretion, consistent with applicable laws.

Any questions pertaining to this industry letter may be sent to the Firearms Industry Programs Branch at FIPB@atf.gov or (202) 648-7190.

Sincerely,

Curtis W. Gilbert
Acting Assistant Director
Enforcement Programs and Services