```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


MICHAEL McCARTHY, et al.,      )
                               )    Civil Action No.
          Plaintiffs,          )    20-10701-DPW
                               )
v.                             )
                               )
CHARLES D. BAKER, in his       )
Official Capacity as Governor  )
of the Commonwealth of         )
Massachusetts, et al.,         )
                               )
          Defendants.          )
_____


CEDRONE, LLC d/b/a SHAWSHEEN   )
FIREARMS, et al.,              )
                               )    Civil Action No.
          Plaintiffs,          )    20-40041-DPW
                               )
v.                             )
                               )
CHARLES DUANE BAKER, in his    )
capacity as GOVERNOR           )
OF THE COMMONWEALTH OF         )
MASSACHUSETTS, et al.          )
                               )
          Defendants.
```

<u>AMENDED PRELIMINARY INJUNCTION ORDER</u>
May 7, 2020

Following two hearings, (this day and on May 4, 2020) regarding the plaintiffs' request for interlocutory injunctive relief and after consideration of the parties' evidentiary and other submissions to date, for the reasons stated during and reflected in the stenographer's record of the proceedings,

it is hereby ORDERED that:

1. Firearms dealers licensed pursuant to Mass. Gen. L. ch. 140, § 122 shall be permitted to conduct sales of firearms and other goods, and may sell ammunition if licensed pursuant to Mass. Gen. L. ch. 140, § 122B, by appointment only, with not more than four appointments per hour. Such firearms dealers are limited to operating only during the period 9:00 a.m. and 9:00 p.m. daily, subject to any further land use limitations imposed by the local government in the jurisdiction where the premises are located as are currently in force.

2. Firearms dealers subject to this Order shall ensure that the following proper social distancing and public health and safety measures are observed in the conduct of their business under this Order:

(a) Ensuring that all employees and customers cover their noses and mouths with a mask or cloth face covering;

(b) Allowing access to hand-washing facilities for customers and employees and allowing employees sufficient break time to wash hands between appointments;

(c) Providing alcohol-based wipes to customers and employees, if available;

(d) Establishing procedures to ensure that customers remain at least six feet apart from each other at all times, both inside and outside the business premises;

(e) Providing full or partial glass or plastic barriers, if feasible between employee areas behind counters or areas open to customers;

(f) Establishing procedures to sanitize frequent touchpoints throughout the day, including point of sale terminals and registers;

(g) Establishing procedures to sanitize any merchandise that is handled by customers, but is not purchased and taken away by the customer;

(h) Establishing procedures under which employees and other personnel who are sick shall not return to work without compliance with medically prescribed quarantine procedures; and to the extent they have symptoms of COVID-19 while at work are sent home immediately;

(i) Posting signs at all entrance points:

    1. informing customers that the business is operating on an appointment only basis with instructions for making appointments; and

    2. requesting customers who have symptoms of COVID-19 not enter the premises;

(j) Establishing such other procedures that the business deems necessary to limit the spread of the virus that causes COVID-19.

3.  The terms of this Order will take effect at 12:00 p.m., Saturday May 9, 2020 in order to allow for notice by Commonwealth public safety officials to licensees, licensing authorities, state and local law enforcement officials, and members of the public.

*Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE