UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts and in his Individual Capacity, et al.,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-10701-DPW |

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Charles D. Baker, in his Official Capacity as Governor of the Commonwealth of Massachusetts and in his Individual Capacity; Monica Bharel, MD, MPH, in her Official Capacity as Commissioner of the Department of Public Health and in her Individual Capacity; and Jamison Gagnon, in his Official Capacity as Commissioner of the Department of Criminal Justice Information Services and in his Individual Capacity (hereinafter "Defendants"), answer the corresponding paragraphs of the Plaintiffs' Second Amended Complaint as follows:

1. The first sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the nature of this lawsuit. To the extent a response is required, the allegations are denied. The Defendants deny the allegations in the second sentence of this paragraph.

2. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. The Defendants admit the allegations in the second sentence of this paragraph. The third, fourth, fifth, and sixth sentences of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ.

1

P. 8(b), but instead assert only legal opinions and conclusions. To the extent a response is required, the allegations in the third, fourth, fifth, and sixth sentences of this paragraph are denied.

3. The Defendants deny the allegations in this paragraph.

4. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

5. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. Any facts on which the legal opinions and conclusions purport to be based are denied.

6. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

7. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

8. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. The Defendants admit the allegations in this paragraph.

16. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. The Defendants admit the allegations in this paragraph.

18. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

19. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. With respect to the first sentence in this paragraph, the Defendants admit that Charles D. Baker is the Governor of Massachusetts. The remaining allegations in the first sentence of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal opinions and conclusions. The Defendants deny the allegations in the second sentence of this paragraph.

22. With respect to the first sentence in this paragraph, the Defendants admit that Monica Bharel, MD, MPH is the Commissioner of the Department of Public Health. The remaining allegations in the first sentence of this paragraph contain no allegations of fact to

which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal opinions and conclusions. The Defendants deny the allegations in the second sentence of this paragraph.

23. With respect to the first sentence in this paragraph, the Defendants admit that Jamison Gagnon is the Commissioner of the Department of Criminal Justice Information Services. The remaining allegations in the first sentence of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal opinions and conclusions. The Defendants deny the allegations in the second sentence of this paragraph.

24. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the Second Amendment, which speaks for itself.

25. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

26. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the Fourteenth Amendment, which speaks for itself.

27. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

28. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decisions, which speaks for themselves.

29. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced Supreme Court decision, which speaks for itself.

30. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

31. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced decision, which speaks for itself.

32. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced statutes, which speak for themselves.

33. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced statutes, which speak for themselves.

34. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced statutes, which speak for themselves.

35. The Defendants deny the allegations in this paragraph because it is an incorrect statement of Massachusetts law.

36. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced statute, which speaks for itself.

37. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced federal regulation, which speaks for itself.

38. The Defendants admit the allegations in the first sentence of this paragraph. With respect to the allegations in the second sentence of this paragraph, the Defendants admit that "[i]t is unclear how long it will take for this pandemic to run its course," but deny the remaining allegations in the second sentence of this paragraph.

39. The Defendants admit that Governor Baker issued COVID-19 Order No. 13 on March 23, 2020. The remaining portions of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purport to characterize or describe COVID-19 Order No. 13, which speaks for itself.

40. The Defendants admit that COVID-19 Order No. 13 included an Exhibit A. The remaining portions of this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purport to characterize or describe Exhibit A to COVID-19 Order No. 13, which speaks for itself. The Defendants deny that the second sentence of this paragraph accurately quotes Exhibit A to COVID-19 Order No. 13.

41. The Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to characterize or describe Exhibit A to the Essential Services Order extension, which speaks for itself. To the extent a response is required, the Defendants admit the allegations in the second sentence of this paragraph, but deny that COVID-19 Order No. 21 is still in effect. The Defendants deny the allegations in the third sentence of this paragraph.

42. The Defendants admit that, on or about April 3, 2020, Commission Gagnon sent a memorandum to Chiefs of Police in Massachusetts regarding COVID-19 Order No. 21. The Defendants deny that this memorandum constituted a "directive," deny that this memorandum was issued to all firearms licensing personnel, and further deny that COVID-19 Order No. 21 is in effect. The remaining allegations in this paragraph purport to characterize or describe the Commissioner's memorandum, which speaks for itself.

43. The Defendants admit that Troy City Tactical, LLC is licensed under Massachusetts law to sell firearms and ammunition. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

44. The Defendants admit that Shooting Supply LLC is licensed under Massachusetts law to sell firearms and ammunition. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

45. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47. With respect to the first sentence of this paragraph, the Defendants admit the COVID-19 Order No. 21 does not include shooting ranges as essential services, but deny that COVID-19 Order No. 21 is still in effect and further deny that shooting ranges are now closed in the Commonwealth. The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the COVID-19 Order No. 21, which speaks for itself.

48. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of this paragraph. The Defendants admit the allegations in the second sentence of this paragraph.

51. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and fourth sentences of this paragraph. The Defendants admit the allegations in the third sentence of this paragraph.

53. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72. The Defendants deny the allegations in this paragraph.

73. The Defendants deny the allegations in this paragraph.

74. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

75. The Defendants deny the allegations in this paragraph.

76. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent a response is required, the Defendants deny the allegations in this paragraph.

77. This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions. To the extent a response is required, the Defendants deny the allegations in this paragraph.

## **FURTHER DEFENSES**

### **Second Defense.**

This Court lacks subject matter jurisdiction over the claims alleged.  Fed. R. Civ. P. 12(b)(1).

### Third Defense.

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar the plaintiffs from seeking or obtaining relief against the Defendants and, in particular, bar money damages from the Defendants for actions taken in their official capacities.

### Fourth Defense.

To the extent the plaintiffs seek money damages for individual-capacity claims arising out of the transactions and occurrences alleged, those claims and requests for relief are barred by the doctrine of qualified immunity.

### Fifth Defense.

The claims arising out of the subject matter of the transactions and occurrences alleged are barred due to a lack of Article III standing.

### Sixth Defense

Plaintiffs' claims are moot and this Court therefore lacks jurisdiction over the subject matter of this action.

### Seventh Defense.

Plaintiffs have failed to state a claim upon which relief can be granted.

### Eighth Defense

Plaintiffs' claims are barred by the doctrine of unclean hands.

### Ninth Defense.

Plaintiffs have no right under the law to equitable or declaratory relief.

### Additional Defenses.

The Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, the Defendants requests that this Court: (1) dismiss the Second Amended Complaint with prejudice and enter judgment for the Defendants; and (2) order such other relief as is just and proper.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

_/s/ Julia Kobick_____
Julia Kobick (BBO No. 680194)
Assistant Attorney General
Gary Klein (BBO No. 560769)
Special Assistant Attorney General
One Ashburton Place
Government Bureau
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@mass.gov

Dated: May 21, 2020

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 21, 2020.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General