UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL McCARTHY, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts and in his Individual Capacity; et al.<br><br>*Defendants*. | CONSOLIDATED ACTIONS<br><br><br><br>CIVIL ACTION<br>NO. 1:20-cv-10701-DPW |
| CEDRONE, LLC d/b/a SHAWSHEEN FIREARMS; et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>CHARLES DUANE BAKER, in his capacity as GOVERNOR OF THE COMMONWEALTH OF MASSACHUSETTS; and MAURA T. HEALEY, in her capacity as ATTORNEY GENERAL OF THE COMMONWEALTH OF MASSACHUSETTS,<br><br>*Defendants*. | CIVIL ACTION<br>NO. 1:20-cv-40041-DPW |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants, Governor Baker, Attorney General Healey, and Commissioners Bharel and Gagnon (the "Defendants") submit the attached Order Denying Preliminary Injunction in *Altman, et al. v. County of Santa Clara, et al.*, C.N. 20-cv-02180-JST (Doc. No. 61) (N.D. CA, June 2, 2020) ("*Altman* Order") as a Supplemental Authority relevant to the Defendants' Motions to Dismiss (*McCarthy* Doc. No. 104; *Cedrone* Doc. No. 47).

*Altman* is a challenge, like those in these cases, to orders in four California counties that temporarily closed firearm retailers for reasons of public safety associated with the spread of COVID-19. The *Altman* Order dismisses as moot the Plaintiffs' claims with respect to the three counties that now permit in-store socially distant retail sales. *Altman* Order, pp. 7-8. The Plaintiffs' claims in *McCarthy* and *Cedrone* are like those in *Altman*, because Massachusetts now also allows in-store socially distant sales by virtue of COVID-19 Order No. 33. The claims here are likewise moot and should be dismissed for the reasons set out in the *Altman* Order.[1]

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

---

[1] The *Altman* Order did not dismiss claims as moot with respect to the fourth County (Alameda), but instead denied the motion for injunctive relief on other grounds. For the purposes of this case, the Court's failure to dismiss the Alameda claims as moot is distinguishable. This is because Alameda County allowed gun stores to reopen only for curbside delivery, which the Plaintiffs argued is not legally permissible under California law. By contrast, Massachusetts gun dealers are not limited to curbside delivery by COVID-19 Order No. 33 and may conduct in-store sales.

/s/ Gary Klein
Gary Klein
Special Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 651-3650
Gary.Klein@state.ma.us

Julie Kobick
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@mass.gov

Dated: June 5, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

*/s/ Gary Klein*
Gary Klein