## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al., | ) CIVIL ACTION NO. |
| | ) 1:20-cv-10701-DPW |
| Plaintiffs, | ) |
| | ) **PLAINTIFFS'** |
| -against- | ) **NOTICE OF** |
| | ) **SUPPLEMENTAL** |
| CHARLES D. BAKER, et al., | ) **AUTHORITIES** |
| | ) |
| Defendants. | ) |
| | ) |

COME NOW the Plaintiffs, who respectfully call the Court's attention to two recent decisions that may have bearing on issues pending before the Court.

The first decision is from the United States District Court for the District of Connecticut, which granted a preliminary injunction ordering Connecticut officials to resume fingerprinting in connection with applications for gun licenses. *See Conn. Citizens Def. League v. Lamont*, No. 3:20-cv-00646, 2020 U.S. Dist. LEXIS 99872, *37-38 (D. Conn. Jun. 8, 2020). Significantly, the local defendants had already resumed fingerprinting (after the filing of the lawsuit), and the state defendants had pledged to do so in the near future. *See id.* at *20-21. Nevertheless, the court rejected the claim that these voluntary cessations rendered the case moot, at least as to the state defendants. *See id.* at *22-25.[1] Among other things, the court observed the lack of "any assurance given by the [state defendants] that they will not seek to discontinue fingerprinting again in the future." *Id.* at *24 (*citing Trinity Lutheran of Church of Columbia, Inc. v. Comer*, 582 U.S. ___, 137 S. Ct. 2012, 2019 n.1 (2017)).

---

[1] The plaintiffs voluntarily withdrew their preliminary injunction motion as to the local defendants. *Conn. Citizens*, 2020 U.S. Dist. LEXIS 99872 at *20.

The second decision is the Supreme Court's denial of an injunction pending appeal in *South Bay United Pentecostal Church v. Newsom*, No. 19A1044, 590 U.S. ___ (May 29, 2020) (slip op.). After articulating the particularly stringent standard that governs an injunction pending appeal (vis-à-vis a stay), Justice Roberts's concurring opinion concluded that the restrictions at issue—limiting the number of people who could be present in churches—"appear consistent with the Free Exercise Clause of the First Amendment." *See id.* at *1-2. Significantly, Justice Roberts found that "[s]imilar or more severe restrictions apply to comparable secular gatherings, including lectures, concerts, movie showings, spectator sports, and theatrical performances, where large groups of people gather in close proximity for extended periods of time." *Id.* at *2. On the other hand, activities "such as operating grocery stores, banks, and laundromats, in which people neither congregate in large groups nor remain in close proximity for extended periods" were "dissimilar" from religious congregations. *See id.* The essential takeaway is that Justice Roberts, presumably speaking for the Court's centrist consensus, looked to whether burdens on activities that were comparable, but not constitutionally protected, were equally or more restrictive than burdens on protected activities.

Dated: June 21, 2020

        Respectfully submitted,
        THE PLAINTIFFS,
        By their attorneys,

        /s/ David D. Jensen
        David D. Jensen, Esq.
        Admitted *Pro Hac Vice*
        David Jensen & Associates
        33 Henry Street
        Beacon, New York 12508
        Tel: 212.380.6615
        Fax: 917.591.1318
        david@djensenpllc.com

J. Steven Foley
BBO # 685741
Law Office of J. Steven Foley
100 Pleasant Street #100
Worcester, MA 01609
Tel: 508.754.1041
Fax: 508.739.4051
JSteven@attorneyfoley.com

Jason A. Guida
BBO # 667252
Principe & Strasnick, P.C.
17 Lark Avenue
Saugus, MA 01960
Tel: 617.383.4652
Fax: 781.233.9192
jason@lawguida.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 21, 2020.

 /s/ David D. Jensen
David D. Jensen, Esq.