## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL MCCARTHY, et al., ) | CIVIL ACTION NO. |
| ) | 1:20-cv-10701-DPW |
| Plaintiffs, ) |  |
| ) |  |
| -against- ) |  |
| ) |  |
| CHARLES D. BAKER, et al., ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |

## DEFENDANT BAKER'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Governor Charles D. Baker submits these responses to Plaintiffs'

Interrogatories to Defendant Governor Baker pursuant to Rule 33 of the Federal Rules of Civil

Procedure.  The Plaintiffs' definitions and instructions are included in this document solely for

the purposes of clarity and Defendant Governor Baker does not waive any argument that such

definitions and instructions are inconsistent with applicable law or rules.

## DEFINITIONS

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendant Governor Charles
   D. Baker, Jr., to whom these Interrogatories are addressed.

2. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a
   person or otherwise having standing under the law other than an individual natural
   person.

3. The term **Essential Services** refers to the lists of "essential services" that were included
   with or modified by COVID-19 Order No. 13 and COVID-19 Order No. 21, as well as to
   any other designations of "essential services" (or their equivalent) that should be allowed
   to continue in operation notwithstanding general closures to address the COVID-19
   pandemic.

4. The term **Individual** [including without limitation **Individuals**] refers to an individual
   natural person.

5. The term **Phased Reopening** refers to the lifting or relaxation of restrictions imposed to address the COVID-19 pandemic, such as but not limited to the "Phase I" reopening addressed in COVID-19 Order No. 33.

6. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document**, and **Identify**.

## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local

Rules of this Court with the following additional instructions:

1. You must disclose all responsive information that is within your possession, custody or control.

2. You have a continuing obligation to supplement or revise your responses to these Interrogatories in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information exists or is within your possession, custody or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

3. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 33.1(e).

4. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

**INTERROGATORY 1:** Identify all Documents and electronically stored information that were considered in connection with, or that otherwise concern, the inclusion or exclusion of gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening.

**ANSWER:** The Governor objects to this interrogatory to the extent that responsive documents are not relevant to this matter or not proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1). The Governor further objects to this interrogatory to the extent that it is overbroad.

The Governor also objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Governor further objects to

the extent that the request calls for disclosure of information covered by the attorney work product doctrine and/or the attorney-client privilege.

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), the Governor refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

**INTERROGATORY 2:** Identify all Individuals who were involved in any decision to include or exclude gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening.

**ANSWER:** The Governor objects to this interrogatory on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

Subject to this objection, and assuming the interrogatory does not include a request to identify individuals who had solely administrative responsibilities, the Governor identifies the following individuals:
Governor Charles Baker
Lieutenant Governor Karyn Polito
Kristen Lepore, Chief of Staff, Office of the Governor
Katherine Holahan, Legislative Director, Office of the Governor
Timothy Buckley, Senior Advisor to the Governor, Office of the Governor
Lily Zarrella, Deputy Chief of Staff, Office of the Governor
Robert Ross, Chief Legal Counsel, Office of the Governor
Michael Kaneb, Deputy Chief Legal Counsel, Office of the Governor
Elizabeth Denniston, Deputy Legal Counsel, Office of the Governor
Elizabeth Guyton, Communications Director, Office of the Governor
Ryan Coleman, Chief Secretary and Director of Personnel and Administration, Office of the
        Governor
Elizabeth Mahoney, Deputy Chief of Staff for Cabinet Affairs and Policy, Office of the
        Governor
Secretary Thomas Turco, Executive Office of Public Safety and Security

**INTERROGATORY 3:** Describe in as much detail as possible the explanation that You provided during the Republican leadership call that took place on or about April 9, 2020 for the decision to exclude gun retailers, ammunition retailers and/or shooting ranges from the list of Essential Services.

**ANSWER:** The Governor objects to this interrogatory on the basis that it is not relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is it reasonably calculated to lead to the discovery of relevant evidence. The Governor further objects to this interrogatory on the basis that no Republican leadership call took place on April 9, 2020.

Subject to the above objections, and assuming that this interrogatory refers to a Republican leadership call that took place on April 7, 2020, the Governor explained that the decision not to include gun retailers, ammunition retailers, and shooting ranges in the list of essential services was informed by a number of factors. The overarching consideration in developing the list as a whole was to limit the list of essential services strictly in order to substantially reduce out-of-home activities and associated contacts. This would be the only way to slow or prevent transmission of the COVID-19 virus. The Governor also noted that experts and advocates working in the field of domestic violence had expressed strong concerns about the potential for an increase in incidents of domestic violence due to stress and mental health problems resulting from the pandemic generally and due to the effect of substantially curtailing opportunities to leave the home specifically. He explained that a pause on immediate access to firearm purchases from gun retailers could mitigate at least some part of this risk.

The Governor explained that limiting the ability to purchase firearms and ammunition at retail and closing shooting ranges would impose only a temporary disruption in these activities. Meanwhile, by designating firearms and ammunition manufacturers and wholesale suppliers as essential service providers, the order ensured that law enforcement would have uninterrupted access to these supplies necessary to their work.

**INTERROGATORY 4:** Identify all Individuals who participated in the Republican leadership call that took place on April 7, 2020 (or, if not on that date, otherwise during the week of April 6).

**ANSWER:** The Governor objects to this interrogatory on the basis that it is not relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is it reasonably calculated to lead to the discovery of relevant evidence.

Subject to the above objections, the Governor responds, on information and belief after reasonable inquiry, that the following individuals participated in some or all of the Republican leadership call on April 7, 2020:
Governor Charles Baker
Lieutenant Governor Karyn Polito
Katherine Holahan, Legislative Director, Office of the Governor
Timothy Buckley, Senior Advisor to the Governor, Office of the Governor
Dan Gates, Project Manager, Office of the Governor
Alex Powell, Deputy Administrative Coordinator, Office of the Governor
Senator Tarr, Senator Tran, Senator O'Connor, Senator Fattman
Representative Barrows, Representative Berthiaume, Representative Boldyga, Representative Crocker, Representative D'Emilia, Representative DeCoste, Representative Dooley, Representative Durant, Representative Ferguson, Representative Frost, Representative Gifford,

Representative Harrington, Representative Hill, Representative Howitt, Representative Hunt, Representative Kane, Representative Kelcourse, Representative Lombardo, Representative McKenna, Representative Mirra, Representative Muratore, Representative Orrall, Representative Poirier, Representative Smola, Representative Soter, Representative Sullivan, Representative Vieira, Representative Whelan, Representative Wong, Representative Jones, Representative Muradian.

**INTERROGATORY 5:** Identify any Documents and electronically stored information that concern or relate to the Republican leadership call that took place on April 7, 2020 (or, if not on that date, otherwise during the week of April 6).

**ANSWER:** The Governor objects to this interrogatory on the basis that it is not relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is it reasonably calculated to lead to the discovery of relevant evidence. The Governor further objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), the Governor refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

**INTERROGATORY 6:** Aside from the foregoing, Identify all discussions that concerned or addressed any decision to include or exclude gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening by providing the date, time, location(s), participants and a description of the general substance of the discussion, including (without limitation) what was discussed in relation to gun retailers, ammunition retailers and/or shooting ranges.

**ANSWER:** The Governor objects to this interrogatory on the basis that it is not relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is it reasonably calculated to lead to the discovery of relevant evidence.

The Governor further objects to this interrogatory on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Governor further objects on the basis of attorney-client privilege.

Subject to the above objections and privileges, the Governor identifies three such non-privileged discussions:

(1) March 27, 2020 press conference at the State House with Governor Charles Baker, Secretary Mary Lou Sudders, Doctor Andrew Le (CEO and Co-Founder of Bouy Health), and members of the press. A video of the press conference is available at: https://youtu.be/BqhLpxWtBPI?t=1619. The following is a transcript of the discussion, as it pertains to gun retailers, ammunition retailers, and/or shooting ranges:

QUESTION: And also are gun shops considered essential? There seems to be some inconsistency in how some gun shops are responding to the essential business order.

GOVERNOR: So gun shops under our order are not considered essential.

(2) April 1, 2020 press conference at the Worcester DCU Center with Governor Charles Baker, Lieutenant Governor Karyn Polito, and members of the press. A video of the press conference is available at: https://youtu.be/fAbU9gQGeN8?t=1739. The following is a transcript of the discussion, as it pertains to gun retailers, ammunition retailers, and/or shooting ranges:

QUESTION: Governor, we've heard from gun store owners that originally they were essential workers, a gun shop in Worcester actually opened last week, and how that they're not—

GOVERNOR: They were open last week?

QUESTION: Yes.

GOVERNOR: They shouldn't have been open last week. They only the only folks on the, on the firearms side that have been essential in Massachusetts since we issued the initial order, are manufacturers.

QUESTION: Has the order changed at all?

GOVERNOR: No.

QUESTION: Has it been altered?

GOVERNOR: No. The order- the order- what did- the only thing that changed was the way it was codified in the federal essential, essential business and essential worker list. But in Massachusetts, manufacturers were considered to be essential in round one, and they were considered to be essential in round two. Gun shops were not.

(3) April 28, 2020 text message exchange with Massachusetts House of Representatives Member Marc Lombardo. The text message exchange is below:

Rep. Lombardo: Hi Charlie, I have a question I'm hoping you can help me with. I'm trying to understand how we've determined that Target, Walmart, Cosco, BJs,

liquor stores and supermarkets are all deemed capable of operating under social distancing protocols but golf courses, churches, and gun stores and small businesses on main st can't? I appreciate trying to keep the public safe but how can Walmart do it but the golf course with a limited season to operate not figure it out as an outdoor facility?

Governor Baker:  Marc - The classification is not about being "safe" - it is about being essential during a temporary public health emergency.  Food is essential.  Pharmacies are essential.  Building supplies are essential.  Hospitals and doctors offices are essential.  Gas stations and auto repair is essential.  Public transportation is essential.  Golf is not essential during a temporary public health emergency. In person church services are not essential during a temporary public health emergency - and honestly Marc - traditional in person church services - as much as I love church, are not only not essential - done wrong, they can be dangerous. Gun stores are not essential during a temporary public health emergency.  Neither are recreational marijuana dispensaries or toy stores or a host of other businesses.  Once things are classified as essential, you try to make them as safe as possible - using guidance and advisories.  Hopefully our Covid data will start to show a downward trend and our reopening advisory board can lay out some rules of the road for a phased reopening when that happens.  But the order is about what is essential.  Charlie

**INTERROGATORY 7:** Identify any Documents and electronically stored information that concern or relate to any list, designation or determination as to what constitutes Essential Services that has been reached at any time after COVID-19 Order No. 21 (March 31, 2020).

**ANSWER:** The Governor objects to this interrogatory to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the interrogatory reasonably calculated to lead to the discovery of relevant evidence. The Governor further objects to this interrogatory to the extent that it is overbroad.

The Governor further objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

Subject to the above objections and privileges, the Governor states that, since Exhibit A to COVID-19 Order No. 21, there have been no further lists, designations, or determinations as to what constitutes Essential Services in Massachusetts. COVID-19 Order No. 30, which extended the temporary closure of non-essential businesses until May 18, 2020, referred to the list of Essential Services on Exhibit A to COVID-19 Order No. 21. In addition, in response to questions from the public about the Essential Services List, the Executive Office of Housing and Economic Development published online a list of Frequently Asked Questions and responses to those

questions. The Governor refers the Plaintiffs to those Frequently Asked Questions and responses, which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents.

**INTERROGATORY 8:** Identify any Documents and electronically stored information that concern or relate to returning to previous levels of COVID-19 restrictions, such as (but not limited to) returning to a prohibition on operating any business or service other than Essential Services, or otherwise, returning to earlier phases of the Phased Reopening.

**ANSWER:** The Governor objects to this interrogatory to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the interrogatory reasonably calculated to lead to the discovery of relevant evidence. The Governor further objects to this interrogatory to the extent that it is overbroad.

The Governor also objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Governor further objects to the extent that the request calls for disclosure of information covered by the attorney work product doctrine and/or the attorney-client privilege.

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), the Governor refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents.  Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

Signed under the pains and penalties of perjury this 21st day of July, 2020, based on information known to the undersigned, or information made available to the undersigned, which to the best of his understanding is true.

/s/ Michael Kaneb
Michael Kaneb
Deputy Chief Legal Counsel
Office of the Governor's Legal Counsel

As to Objections:

/s/ Julia E. Kobick
Julia E. Kobick, BBO # 680194
Assistant Attorney General
Gary Klein, BBO # 560769
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2559
julia.kobick@mass.gov
Date: July 21, 2020                                      gary.klein@mass.gov

## CERTIFICATE OF SERVICE

I certify that this document will be served electronically on counsel for all Plaintiffs on July 21, 2020.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General