# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL MCCARTHY, et al.,  ) | CIVIL ACTION NO. |
| ) | 1:20-cv-10701-DPW |
| Plaintiffs,  ) |  |
| ) |  |
| -against-  ) |  |
| ) |  |
| CHARLES D. BAKER, et al.,  ) |  |
| ) |  |
| Defendants.  ) |  |

## DEFENDANT BHAREL'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Commissioner Monica Bharel submits these responses to Plaintiffs' Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure. The Plaintiffs' definitions and instructions are included in this document solely for the purposes of clarity and Defendant Commissioner Bharel does not waive any argument that such definitions and instructions are inconsistent with applicable law or rules.

## DEFINITIONS

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendant Commissioner Monica Bharel, to whom these Interrogatories are addressed.

2. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a person or otherwise having standing under the law other than an individual natural person.

3. The term **Essential Services** refers to the lists of "essential services" that were included with or modified by COVID-19 Order No. 13 and COVID-19 Order No. 21, as well as to any other designations of "essential services" (or their equivalent) that should be allowed to continue in operation notwithstanding general closures to address the COVID-19 pandemic.

4. The term **Individual** [including without limitation **Individuals**] refers to an individual natural person.

5. The term **Phased Reopening** refers to the lifting or relaxation of restrictions imposed to address the COVID-19 pandemic, such as but not limited to the "Phase I" reopening addressed in COVID-19 Order No. 33.

6. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document**, and **Identify**.

## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local Rules of this Court with the following additional instructions:

1. You must disclose all responsive information that is within your possession, custody or control.

2. You have a continuing obligation to supplement or revise your responses to these Interrogatories in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information exists or is within your possession, custody or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

3. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 33.1(e).

4. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

1. Identify all Documents and electronically stored information that were considered in connection with, or that otherwise concern, the inclusion or exclusion of gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening.

Commissioner Bharel objects to this interrogatory to the extent that responsive documents are not relevant to this matter or not proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1). The Commissioner further objects to this interrogatory to the extent that it is overbroad.

The Commissioner also objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The

Commissioner further objects to the extent that the request calls for disclosure of information covered by the attorney work product doctrine and/or the attorney-client privilege.

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), Commissioner Bharel refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents.  Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

2. Identify all Individuals who were involved in any decision to include or exclude gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening.

Commissioner Bharel objects to this interrogatory on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"  *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

Subject to this objection, and assuming the interrogatory does not include a request to identify individuals who had solely administrative responsibilities, the Commissioner refers the Plaintiffs to the Interrogatory Responses submitted to the Plaintiffs in this matter by Governor Baker.  The Commissioner is not aware of any individuals whose identity would be responsive to this Interrogatory that were not identified by the Governor.

3. Identify all discussions that concerned or addressed any decision to include or exclude gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening by providing the date, time, location(s), participants and a description of the general substance of the discussion, including (without limitation) what was discussed in relation to gun retailers, ammunition retailers and/or shooting ranges.

Commissioner Bharel objects to this interrogatory on the basis that it is not relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is it reasonably calculated to lead to the discovery of relevant evidence.

Commissioner Bharel further objects to this interrogatory on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"  *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Commissioner further objects on the basis of attorney-client privilege and work product doctrine.

Subject to the above objections and privileges, Commissioner Bharel responds that on or about April 10, 2020, and on several dates thereafter, Dr. Monica Bharel, Commissioner of the Department of Public Health, drafted an affidavit in connection with this lawsuit.  Margret

Cooke, General Counsel; Dr. Larry Madoff, Medical Director for the Bureau of Infectious Diseases and Laboratory Science; and Dr. Catherine Brown, State Epidemiologist and State Veterinarian also reviewed the affidavit.

On or about May 14, 2020, individuals from the Department of Public Health reviewed and commented on "Sporting Club and/or Shooting Range Related Activity" guidance drafted by the Executive Office of Energy and Environmental Affairs. Participants in that discussion included: Dr. Monica Bharel, Commissioner of the Department of Public Health; Dr. Larry Madoff, Medical Director for the Bureau of Infectious Diseases and Laboratory Science; Dr. Catherine Brown, State Epidemiologist and State Veterinarian; Jennifer Barrelle, Chief of Staff; and Margret Cooke, General Counsel.

4. Identify any Documents and electronically stored information that concern or relate to any list, designation or determination as to what constitutes Essential Services that has been reached at any time after COVID-19 Order No. 21 (March 31, 2020).

Commissioner Bharel objects to this interrogatory to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the interrogatory reasonably calculated to lead to the discovery of relevant evidence. The Commissioner further objects to this interrogatory to the extent that it is overbroad.

The Commissioner further objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), Commissioner Bharel refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

5. Identify any Documents and electronically stored information that concern or relate to returning to previous levels of COVID-19 restrictions, such as (but not limited to) returning to a prohibition on operating any business or service other than Essential Services, or otherwise, returning to earlier phases of the Phased Reopening.

Commissioner Bharel objects to this interrogatory to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the interrogatory reasonably calculated to lead to the discovery of relevant evidence. The Commissioner further objects to this interrogatory to the extent that it is overbroad.

-5-

The Commissioner also objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Commissioner further objects to the extent that the request calls for disclosure of information covered by the attorney work product doctrine and/or the attorney-client privilege.

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), Commissioner Bharel refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

Signed under the pains and penalties of perjury this 21st day of July, 2020, based on information known to the undersigned, or information made available to the undersigned, which to the best of his understanding is true.

/s/ Margret R. Cooke
Margret R. Cooke
General Counsel
Department of Public Health

As to Objections:

/s/ Julia E. Kobick
Julia E. Kobick, BBO # 680194
Assistant Attorney General
Gary Klein, BBO # 560769
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2559
julia.kobick@mass.gov

Date: July 21, 2020                    gary.klein@mass.gov

## CERTIFICATE OF SERVICE

I certify that this document will be served electronically on counsel for all Plaintiffs on July 21, 2020.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General