UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al., <br><br> Plaintiffs, <br><br> -against- <br><br> CHARLES D. BAKER, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:20-cv-10701-DPW |

## DEFENDANT GAGNON'S RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant Commissioner Jamison Gagnon ("Commissioner Gagnon") submits these responses to Plaintiffs' Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.[1] The Plaintiffs' definitions and instructions are included in this document solely for the purposes of clarity and Defendant Commissioner Gagnon does not waive any argument that such definitions and instructions are inconsistent with applicable law or rules.

## DEFINITIONS

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendant Commissioner Jamison Gagnon, to whom these Interrogatories are addressed.

2. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a person or otherwise having standing under the law other than an individual natural person.

3. The term **Essential Services** refers to the lists of "essential services" that were included with or modified by COVID-19 Order No. 13 and COVID-19 Order No. 21, as well as to any other designations of "essential services" (or their equivalent) that should be allowed

---

[1] Michaela Dunne, Deputy Commissioner of the Department of Criminal Justice Information Services ("DCJIS"), answers these Interrogatories on behalf of DCJIS and Commissioner Gagnon.

-2-

to continue in operation notwithstanding general closures to address the COVID-19 pandemic.

4. The term **Individual** [including without limitation **Individuals**] refers to an individual natural person.

5. The term **Phased Reopening** refers to the lifting or relaxation of restrictions imposed to address the COVID-19 pandemic, such as but not limited to the "Phase I" reopening addressed in COVID-19 Order No. 33.

6. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document**, and **Identify**.

## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local Rules of this Court with the following additional instructions:

1. You must disclose all responsive information that is within your possession, custody or control.

2. You have a continuing obligation to supplement or revise your responses to these Interrogatories in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information exists or is within your possession, custody or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

3. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 33.1(e).

4. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

1. Identify all Documents and electronically stored information that were considered in connection with, or that otherwise concern, the inclusion or exclusion of gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening.

Commissioner Gagnon objects to this interrogatory to the extent that responsive documents are not relevant to this matter or not proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1). The Commissioner further objects to this interrogatory to the extent that it is overbroad.

The Commissioner also objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Commissioner further objects to the extent that the request calls for disclosure of information covered by the attorney work product doctrine and/or the attorney-client privilege.

The Commissioner further objects to the extent that this request calls for disclosure of documents that DCJIS is legally precluded from making public under Mass. R. Crim. P. 5 and which if disclosed could obstruct or impede ongoing criminal investigations. DCJIS is further legally precluded from disclosing Criminal Record Offender Information under M.G.L. c. 6, § 178 and from providing records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition pursuant to M.G.L. c. 66, § 10(d).

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), Commissioner Gagnon refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

2. Identify all Individuals who were involved in any decision to include or exclude gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening.

Commissioner Gagnon objects to this interrogatory on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

Subject to this objection, and assuming the interrogatory does not include a request to identify individuals who had solely administrative responsibilities, Deputy Commissioner Dunne states that neither she nor Commissioner Gagnon was involved in any decision to include or exclude gun retailers, ammunition retailers, and/or shooting ranges in or from any list of Essential Services or any Phased Reopening, and neither she nor Commissioner Gagnon knows who was involved in any such decision.

3. Identify all discussions that concerned or addressed any decision to include or exclude gun retailers, ammunition retailers and/or shooting ranges in or from any list of Essential Services or any Phased Reopening by providing the date, time, location(s), participants and a description of the general substance of the discussion, including (without limitation) what was discussed in relation to gun retailers, ammunition retailers and/or shooting ranges.

Commissioner Gagnon objects to this interrogatory on the basis that it is not relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is it reasonably calculated to lead to the discovery of relevant evidence.

The Commissioner further objects to this interrogatory on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Commissioner further objects on the basis of attorney-client privilege and the attorney work product doctrine.

Subject to the above objections and privileges, Deputy Commissioner Dunne answers on behalf of Commissioner Gagnon that:

- On March 29, 2020, I understand that Commissioner Gagnon exchanged text messages with EOPSS Undersecretary Kerry Collins regarding advisory guidance issued by the U.S. Department of Homeland Security.

- On March 31, 2020, I understand that Commissioner Gagnon sent Undersecretary Collins a text message link to a news article discussing the status of gun shops during the shutdown.

- On April 1, 2020, I understand that Commissioner Gagnon sent Undersecretary Collins a text message link to a tweet from Attorney General Maura Healey regarding the status of gun shops during the shutdown.

- On April 1, 2020, I participated in a conference call with Commissioner Gagnon, DCJIS, General Counsel Agapi Koulouris, DCJIS Assistant General Counsel Peter Geraghty, EOPSS Undersecretary Kerry Collins, EOPSS General Counsel Susan Terrey, EOPSS Deputy General Counsel John Melander, and EOPSS Assistant General Counsel Arielle Mullaney. The conversation concerned the retail sale of firearms in Massachusetts.

- In early April 2020, Commissioner Gagnon and I generally remember discussing the present litigation on multiple occasions with DCJIS General Counsel Agapi Koulouris and DCJIS Assistant General Counsel Peter Geraghty.

- In early April 2020, Commissioner Gagnon and I generally remember discussions in which he asked me whether there were any responses to a notification issued by DCJIS. Neither I nor Commissioner Gagnon recall the precise dates or times.

- I generally remember discussions with law enforcement personnel and gun retailers concerning the retail sale of firearms in Massachusetts in late March and early April 2020. I do not recall the precise dates or times.

4. Identify any Documents and electronically stored information that concern or relate to any list, designation or determination as to what constitutes Essential Services that has been reached at any time after COVID-19 Order No. 21 (March 31, 2020).

Commissioner Gagnon objects to this interrogatory to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the interrogatory reasonably calculated to lead to the discovery of relevant evidence. The Commissioner further objects to this interrogatory to the extent that it is overbroad.

The Commissioner further objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

The Commissioner further objects to the extent that this request calls for disclosure of documents that DCJIS is legally precluded from making public under Mass. R. Crim. P. 5 and which if disclosed could obstruct or impede ongoing criminal investigations. DCJIS is further legally precluded from disclosing Criminal Record Offender Information under M.G.L. c. 6, § 178 and from providing records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition pursuant to M.G.L. c. 66, § 10(d).

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), Commissioner Gagnon refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

5. Identify any Documents and electronically stored information that concern or relate to returning to previous levels of COVID-19 restrictions, such as (but not limited to) returning to a prohibition on operating any business or service other than Essential Services, or otherwise, returning to earlier phases of the Phased Reopening.

Commissioner Gagnon objects to this interrogatory to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the interrogatory reasonably calculated to lead to the discovery of relevant evidence. The Commissioner further objects to this interrogatory to the extent that it is overbroad.

The Commissioner also objects to this interrogatory to the extent that it seeks identification of documents that are protected by the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Commissioner further objects to the extent that the request calls for disclosure of information covered by the attorney work product doctrine and/or the attorney-client privilege.

The Commissioner further objects to the extent that this request calls for disclosure of documents that DCJIS is legally precluded from making public under Mass. R. Crim. P. 5 and which if disclosed could obstruct or impede ongoing criminal investigations. DCJIS is further legally precluded from disclosing Criminal Record Offender Information under M.G.L. c. 6, § 178 and from providing records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition pursuant to M.G.L. c. 66, § 10(d).

Subject to the above objections and privileges, pursuant to Fed. R. Civ. P. 33(d), Commissioner Gagnon refers the Plaintiffs to those documents which have been contemporaneously provided pursuant to Defendants' Response to Plaintiffs' request for production of documents. Each document contains on its face, or in the supplied metadata, information sufficient to identify a) the type of document; b) its general subject matter, c) its date; and d) to the extent known, its author, addressees, and recipients.

Signed under the pains and penalties of perjury this 21st day of July, 2020, based on information known to the undersigned, or information made available to the undersigned, which to the best of her understanding is true.

*Michaela Dunne*
Michaela Dunne
Deputy Commissioner
Department of Criminal Justice
Information Services
200 Arlington Street, Suite 2200
Chelsea, MA 02150

|  |  |
|---|---|
|  | As to Objections: |
|  | /s/ Julia E. Kobick |
|  | Julia E. Kobick, BBO # 680194 |
|  | Assistant Attorney General |
|  | Gary Klein, BBO # 560769 |
|  | Special Assistant Attorney General |
|  | Office of the Attorney General |
|  | One Ashburton Place |
|  | Boston, MA 02108 |
|  | 617-963-2559 |
|  | julia.kobick@mass.gov |
| Date: July 21, 2020 | gary.klein@mass.gov |

## CERTIFICATE OF SERVICE

I certify that this document will be served electronically, pursuant to an agreement between the parties, on counsel for all Plaintiffs on July 21, 2020.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General