UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al., | CIVIL ACTION NO. 1:20-cv-10701-DPW |
| Plaintiffs, | |
| -against- | |
| CHARLES D. BAKER, et al., | |
| Defendants. | |

**DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants' submit these responses to Plaintiffs' Requests for Production to Defendants Governor Charles D. Baker, Jr., Commissioner Monica Bharel, MD, MPH and Commissioner Jamison Gagnon pursuant to Rule 34 of the Federal Rules of Civil Procedure. The Plaintiffs' definitions and instructions are included in this document solely for the purposes of clarity and Defendants do not waive any argument that such definitions and instructions are inconsistent with applicable law or rules.

**DEFINITIONS**

The following definitions supplement those set forth in Local Rule 26.5:

1. The term **you** [including without limitation **your**] refers to Defendants Governor Charles D. Baker, Jr., Commissioner Monica Bharel, MD, MPH and Commissioner Jamison Gagnon, to whom these Requests for Production are addressed, and refers to each such Defendant both individually and collectively.

2. The term **Entity** [including without limitation **Entities**] refers to anything recognized as a person or otherwise having standing under the law other than an individual natural person.

3. The term **Essential Services** refers to the lists of "essential services" that were included with or modified by COVID-19 Order No. 13 and COVID-19 Order No. 21, as well as to any other designations of "essential services" (or their equivalent) that should be allowed

to continue in operation notwithstanding general closures to address the COVID-19 pandemic.

4. The term **Individual** [including without limitation **Individuals**] refers to an individual natural person.

5. The term **Interrogatories** refers to Plaintiffs' Interrogatories to each of the Defendants in this action, served on equal date herewith.

6. The term **Phased Reopening** refers to the lifting or relaxation of restrictions imposed to address the COVID-19 pandemic, such as but not limited to the "Phase I" reopening addressed in COVID-19 Order No. 33.

7. Local Rule 26.5 defines additional terms, including but not limited to **Communication**, **Document**, and **Identify**.

## ADDITIONAL INSTRUCTIONS

Plaintiffs supplement (but do not supplant) the Rules of Civil Procedure and the Local Rules of this Court with the following additional instructions:

1. You must produce any information that is within the scope of these Requests regardless of whether it is in paper form or is stored electronically.

2. You must disclose all responsive information that is within your possession, custody or control.

3. You have a continuing obligation to supplement or revise your responses to these Requests for Production in the event: (a) additional information comes within your possession, custody, or control in the future; (b) you learn that additional information exists or is within your possession, custody or control; or (c) you otherwise learn that your previous responses are in any way incomplete or inaccurate.

4. In the event you assert that a privilege and/or the work product doctrine shields the disclosure of otherwise responsive information, you must comply with Rule 26(b)(5) and LR 34.1(e).

5. These additional instructions are asserted without prejudice to, or waiver of, the Federal Rules of Civil Procedure and the Local Rules of this Court.

## REQUESTS FOR PRODUCTION

1. All Documents and electronically stored information that you identify or otherwise reference in response to any of the Interrogatories.

The Defendants object to this request to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ.

P. 26(b)(1) to the same extent that the interrogatories at issue are not relevant. The Defendants further object to the extent the request calls for production of documents that represent attorney work product and for attorney-client privileged documents.

The Defendants further object on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001).

The Defendants further object on the basis of well-established common law privileges including the privilege protecting law enforcement investigative information and techniques, *see, e.g., Puerto Rico* v. *United States,* 490 F.3d 50, 62-64 (1st Cir. 2007), and the privilege protecting communications made to secure the enforcement of law. *See e.g., District Attorney* v. *Flatley,* 419 Mass. 507, 510 (1995). The Defendants further object to the extent this request may call for disclosure of information that they are legally precluded from making public under Mass. R. Crim. P. 5 and which if disclosed could obstruct or impede ongoing criminal investigations. The Defendants further object to providing records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition pursuant to M.G.L. c. 66, § 10(d).

Subject to the above objections and privileges, the Defendants state that they have produced responsive and relevant non-privileged documents that were referenced in response to the Interrogatories.

2. All Documents and electronically stored information that concern or relate to the reasonableness, proportionality, necessity, or otherwise the constitutionality of, COVID-19 restrictions imposed on gun retailers, ammunition retailers and/or shooting ranges.

The Defendants object to this request to the extent that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the request reasonably calculated to lead to the discovery of relevant evidence. The Defendants further object on the basis of overbreadth.

The Defendants further object on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Defendants further object to the extent this request calls for production of documents that represent attorney work product and for attorney-client privileged documents.

The Defendants further object on the basis of well-established common law privileges including the privilege protecting law enforcement investigative information and techniques, *see, e.g., Puerto Rico* v. *United States,* 490 F.3d 50, 62-64 (1st Cir. 2007), and the privilege protecting communications made to secure the enforcement of law. *See e.g., District Attorney* v. *Flatley,* 419 Mass. 507, 510 (1995). The Defendants further object to the extent this request may call for disclosure of information that they are legally precluded from making public under Mass. R. Crim. P. 5 and which if disclosed could obstruct or impede ongoing criminal investigations. The

Defendants further object to providing records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition pursuant to M.G.L. c. 66, § 10(d).

Subject to the above objections and privileges, the Defendants state that they have produced responsive, non-privileged documents in response to this request for production.

3. All Documents and electronically stored information that concern or relate to returning to previous levels of COVID-19 restrictions, such as (but not limited to) returning to a prohibition on operating any business or service other than Essential Services, or otherwise, returning to earlier phases of the Phased Reopening.

The Defendants object to this request on the basis that responsive documents would not be relevant to this matter or proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), nor is the request reasonably calculated to lead to the discovery of relevant evidence. The Defendants further object on the basis of overbreadth.

The Defendants further object on the basis of the deliberative process privilege, which protects information that "'reflect[s] advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001). The Defendants further object to the extent this request calls for production of documents that represent attorney work product and for attorney-client privileged documents.

Subject to the above objections and privileges, the Defendants state that they have produced responsive, non-privileged documents in response to this request for production.

4. All Documents and electronically stored information that you may rely upon in this action.

Defendants object to this request as premature in light of the ongoing nature of Defendants' investigation of this matter. They reserve the right to rely on any document produced in response to this request for production of documents or in connection with prior proceedings in this matter and on such other documents as will be timely produced pursuant to Defendants' further investigation.

Respectfully submitted,

CHARLES BAKER, Governor of the Commonwealth of Massachusetts; MONICA BHAREL, Commissioner of the Department of Public Health; JAMISON GAGNON, Commissioner of the Department of Criminal Justice Information Services; and MAURA HEALEY, Attorney General of the Commonwealth of Massachusetts,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia E. Kobick
Julia E. Kobick (BBO No. 680194)
Assistant Attorney General
Gary Klein (BBO No. 560769)
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559
Julia.Kobick@mass.gov
Gary.Klein@state.ma.us

Dated: July 21, 2020

**CERTIFICATE OF SERVICE**

I certify that this document will be served electronically on counsel for all Plaintiffs on July 21, 2020.

/s/ Julia Kobick
Julia Kobick
Assistant Attorney General