UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL MCCARTHY, et al.,

         *Plaintiffs*,

         v.

CHARLES D. BAKER, in his Official Capacity as
Governor of the Commonwealth of Massachusetts, et al.,

         *Defendants*.

CIVIL ACTION
NO. 1:20-cv-10701-DPW

### **DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, defendants Charles D. Baker, Governor of the Commonwealth of Massachusetts; Monica Bharel, Commissioner of the Department of Public Health; and Jamison Gagnon, Commissioner of the Department of Criminal Justice Information Services, move for summary judgment on all claims asserted in the plaintiffs' Second Amended Complaint.

The Complaint in this case asserts as-applied challenges to three temporary orders issued by Governor Baker last spring to prevent the spread of COVID-19, the disease caused by the novel coronavirus that has infected more than 140,000 Massachusetts residents, killed more than 9,500 Massachusetts residents, and caused a global pandemic. The three orders— COVID-19 Order Nos. 13, 21, and 30—temporarily prohibited non-essential businesses and organizations, including gun retailers and shooting ranges, from opening to the public during the most acute phase of the crisis in Massachusetts. All three orders expired on their own terms on May 18, 2020, and for five months, under the current orders in effect, gun retailers and shooting ranges have been able to be open to the public in Massachusetts, subject to generally applicable social distancing and related

safety measures. There is, accordingly, no longer a live dispute between the parties in this case, and judgment should enter in favor of the defendants because all of the plaintiffs' claims are moot.

If this Court were to consider the merits of the plaintiffs' claims, the defendants are entitled to judgment on the claim challenging COVID-19 Order Nos. 13, 21, and 30 as inconsistent with the Second Amendment. Emergency measures to forestall epidemics are afforded broad deference, but even without application of deference, the challenged orders readily survive scrutiny under the settled framework for review of Second Amendment claims. Gun retailers and shooting ranges were closed in Massachusetts for less than two months, and during that time some ammunition stores remained open and the plaintiffs could, and indeed did, purchase firearms in private transactions. Moreover, the challenged COVID-19 Orders were substantially related to the government's compelling objective of curbing the spread of COVID-19. Courts nationwide have upheld against Second Amendment challenges orders closing gun stores and shooting ranges in order to prevent the spread of COVID-19. The short-term restriction on the plaintiffs' ability to purchase guns in their preferred way or access shooting ranges does not come close to an unconstitutional infringement on Second Amendment rights.

To the extent the Complaint seeks damages against the defendants in their individual capacities, those claims either waived or are barred by the doctrine of qualified immunity.

As grounds for this motion, and in further support of this motion, the defendants rely upon their Memorandum in Support of Their Cross-Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), the defendants request a hearing on this motion, on the ground that oral argument is likely to be of assistance to the Court.

Respectfully submitted,

CHARLES BAKER, Governor of the
Commonwealth of Massachusetts; MONICA
BHAREL, Commissioner of the Department of
Public Health; and JAMISON GAGNON,
Commissioner of the Department of Criminal
Justice Information Services,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia E. Kobick
Julia E. Kobick (BBO No. 680194)
Assistant Attorney General
Gary Klein (BBO No. 560769)
Special Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559
Julia.Kobick@mass.gov
Gary.Klein@state.ma.us

Dated: October 19, 2020

## CERTIFICATE OF SERVICE

I certify that, on October 19, 2020, this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on October 16, 2020, I conferred with counsel for the plaintiffs and attempted in good faith to reach agreement on this motion this motion but was not able to do so.

/s/ Gary Klein
Gary Klein
Special Assistant Attorney General