UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES D. BAKER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 1:20-cv-10701-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' LATE FILED
SUMMARY JUDGMENT OPPOSITION, REPLY AND RELATED FILINGS**

Defendants hereby move to strike Plaintiffs' late-filed summary judgment pleadings because they were filed, without leave of court, on November 16, 2020, a full week after their due date. In support thereof, Defendants state the following:

1. Plaintiffs' Opposition to Defendants' Cross-Motion for Summary Judgment was due on November 9, 2020, after a series of extensions to the court-ordered schedule. ECF Doc. No. 132.[1]  Their reply in support of their own motion for summary judgment was due on the same day. *Id.*

2. On November 16, 2020, Plaintiffs filed an Opposition to Defendants' Statement Pursuant to Rule 56.1, together with an affidavit and memorandum in opposition to Defendant's cross-

---

[1] Plaintiffs had already received three other extensions to the court-ordered schedule for briefing summary judgment. ECF Doc. Nos. 115, 117, and 119.

motion for summary judgment.  Their memorandum also contains a reply in support of their motion for summary judgment.  ECF Doc. Nos. 133-135.

3.  Plaintiffs did not seek leave of court for their late filing and have not presented any reason or excuse for their lateness.  *See Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004) ("A party who seeks to be relieved from a court-appointed deadline has an obligation, at a bare minimum, to present his arguments for relief to the ordering court. An unexcused failure to do so constitutes a waiver.").

4.  Three lawyers working at three different law firms have entered appearances for the Plaintiffs in this matter.  At least one of them could have timely filed the required papers or timely sought an extension of Plaintiffs' deadline from the Court.

5.  Because one of the primary issues in this case is whether Plaintiffs' claims should be dismissed as moot, Plaintiffs achieve their goal of retaining their claims by delay.  In contrast, Defendants are prejudiced by continuing to have to defend claims that are moot for the reasons stated in their moving papers.  *See* ECF Doc Nos. 105, 112, 113, 127.  If this motion is granted, Plaintiffs will suffer little prejudice because gun retailers and shooting ranges remain open across the Commonwealth pursuant to COVID-19 Order No. 33.

6.  The Court of Appeals has made clear that a District Court need not accept or consider late filings in connection with summary judgment proceedings.  *See, e.g.*, *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 6-8 (1st Cir. 1990) (court has discretion to resolve summary judgment without reference to late-filed papers); *Velez*, 375 F.3d at 41 ("Because the defendants failed to file an opposition to the motion for partial summary judgment by the court-appointed deadline …, the district judge was entitled to consider the motion as unopposed and to disregard

a subsequently filed opposition."). As the Court of Appeals has explained, "[r]ules are rules—and the parties must play by them." *Mendez*, 900 F.2d at 7.

*Wherefore*, Defendants request that Plaintiffs' late-filed Opposition and Reply together with all related pleadings (ECF Doc. Nos. 133-135) be stricken, or, in the alternative that the Court decline to consider them.

November 17, 2020                                  Respectfully submitted,

                                                     MAURA HEALEY
                                                     ATTORNEY GENERAL

                                                     /s/ Gary Klein_____
                                                   Gary Klein
                                                   Special Assistant Attorney General
                                                   One Ashburton Place
                                                   Boston, Massachusetts 02108
                                                   (617) 651-3650
                                                   Gary.Klein@state.ma.us

                                                   Julia E. Kobick
                                                   Assistant Attorney General
                                                   Office of the Massachusetts Attorney General
                                                   One Ashburton Place
                                                   Boston, Massachusetts 02108
                                                   (617) 963-2559
                                                   julia.kobick@mass.gov

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that I attempted to confer with counsel for the plaintiffs about this motion but did not receive a response. Plaintiffs should therefore be deemed to oppose the motion.

    /s/ Gary Klein
Gary Klein
Special Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ Gary Klein
Gary Klein
Special Assistant Attorney General