UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, *et al.*, | ) |
| Plaintiffs, | ) CIVIL ACTION NO.<br>) 1:20-cv-10701-DPW |
| v. | ) |
| CHARLES D. BAKER, *et al.*, | ) |
| Defendants. | ) |

## **DECLARATION OF DAVID D. JENSEN, ESQ.**

I, David D. Jensen, declare as follows:

1. I am lead counsel for the Plaintiffs in this action. Since the beginning of the pandemic, I have been a solo practitioner. My co-counsel, Messrs. Foley and Guida, have provided invaluable assistance in this case, but I am the one who has been responsible for taking the lead in formulating briefings and legal arguments.

2. One of my practice areas is election law, and I have represented a number of officials in Dutchess County, New York (in particular) in election-related matters. In this Declaration, I explain that emergent matters that arose both before and after the election required me to radically reschedule my time. While there is always uncertainty in law practice, these matters were particularly difficult, and unpredictable, in light of the large amount of time they required, and the fact that they required it immediately.

3. I contacted Defendants' counsel and apprised them of the situation. Defendants agreed to assent to a motion to extend the deadline by two days, to November 11, 2020. I then contacted Defendants' counsel and asked for their assent to extend the deadline to the end of the week. They responded that they reserved the right to oppose such a motion. From that point, I

focused on completing the summary judgment papers, with the intention of thereafter filing a motion to adjust the schedule (hopefully, with Defendants' assent).

4. The matters in which I became involved—with essentially no prior notice—around the time of the election are as follows:

    a. As previously related to the Court, I was retained in an emergent matter shortly before the election. This required the submission of briefings and affidavits in response to an order to show cause, and it ultimately involved the prosecution of an appeal in the New York State court system. *See Andrew Goodman Found., et al. v. Dutchess County Board of Elections, et al.*, No. 2020/52737 (Supr. Ct., Dutchess Co.), appeal docketed, No. 2020-07999 (2d Dep't Oct. 26, 2020). This client is an established client that I have represented for many years.

    b. At the time of the election, a judge in Dutchess County (Hon. Peter Forman, AJSC) requested that I represent him in proceedings related to the canvas of absentee (and other) ballots that remained pending, which would likely be dispositive of his election. I know Judge Forman both because I have appeared before him in the past, and also from the Republican Party. I felt obliged to represent him, and as explained below, this resulted in me facing an unexpected tsunami of work.

    c. Originally, we sought (on November 5, 2020) to intervene in another pending election law matter. *See Astorino v. New York State Board of Elections, et al.*, No. 63957/2020 (Supr. Ct., Westchester Co. filed Nov. 2, 2020).

    d. Unexpectedly (given the emergent nature of the proceeding) the Westchester County court denied our motion to intervene, so we then sought to obtain an order

to show cause in a plenary proceeding we filed the same day, in the evening. *See Forman v. Dutchess County Board of Elections, et al.*, No. EF006603-2020 (Supr. Ct., Orange Co. filed Nov. 10, 2020). This was, notably, the day after the original deadline (November 9, 2020) and the day before the deadline to which Defendants had agreed to assent (November 11, 2020). I then set about trying to get an order to show cause signed on November 11, 2020, notwithstanding that it was a holiday. Dealing with this matter consumed most of my time of November 11, 2020 and a significant amount of time (in the form of research and planning) over the next couple days.

5. A further complicating factor is that I am a single parent, and my 6 year-old daughter's school closed down on November 12-13, 2020 due to a Covid-19 issue. This required me to unexpectedly provide child care during those days.

6. I stayed up all night on the night of Sunday, November 15, 2020 and filed some of the summary judgment papers on the morning of November 16, 2020. After sleeping, I made final revisions to the balance of the papers and filed them in the evening. I intended to file a motion to extend the deadlines shortly thereafter, but Defendants filed their motion to strike first.

I affirm all of the foregoing statements under the penalty of perjury under the laws of the United States of America.

Dated: December 1, 2020

        /s/ David D. Jensen
        David D. Jensen, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Dec. 1, 2020.

      /s/ David D. Jensen
      David D. Jensen, Esq.