UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, et al., | CIVIL ACTION NO. |
| Plaintiffs, | 1:20-cv-10701-DPW |
| -against- | |
| CHARLES D. BAKER, et al., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE**

Plaintiffs respectfully submit that, for the reasons set forth in their motion to adjust the summary judgment briefing deadlines and supporting declaration, submitted herewith, the Court should exercise its discretion to deny Defendants' motion to strike. As explained in those submissions, a large volume of election-related matters required the attention of Plaintiffs' undersigned lead counsel—unexpectedly—during the period before and after the November 9, 2020 deadline. Because of the nature of these matters, it was not possible to obtain extensions and adjournments. Plaintiffs communicated this issue to Defendants and discussed a motion to extend the deadlines, twice, and Plaintiffs ultimately did file all the papers as soon as they were able to—one week late. Although Plaintiffs intended to move for an adjustment of the schedule, hopefully with Defendants' assent, Defendants moved promptly to strike Plaintiffs' response.

At this point, we can only apologize for the situation.

But, it should be noted, the situation is quite different from that presented in *Velez v. Awning Windows, Inc.*, 375 F.3d 35 (1st Cir. 2004). There, the defendants had failed to meet multiple deadlines—to answer the complaint, to respond to an order to show cause, to respond to discovery and to respond to summary judgment filings—by *months*, not by a week, and the

district court had previously "issued pointed warnings." *See id.* at 37-38. Moreover, the defendants there did not ask the district court to adjust the summary judgment deadlines that were at issue on the appeal, but instead presented their request to the First Circuit. *See id.* at 41. This is the context in which the court stated that "[a] party who seeks to be relieved from a court-appointed deadline has an obligation, at a bare minimum, to present his arguments for relief to the ordering court. An unexcused failure to do so constitutes a waiver." *Id.* Here, in contrast, the Plaintiffs have moved this Court, the ordering court, for relief.

The circumstances in *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4 (1st Cir.1990), were also different. Most significantly, the plaintiff there had filed his summary judgment papers a month late, after the district court had denied his requested extension, and also after the court had already prepared its decision. *See id.* at 6. In addition, there "the lawyer had no valid basis to claim he was surprised." *Id.* at 7. While law practice always involves scheduling to account for a degree of uncertainty, we respectfully submit that counsel's unexpected retention in emergent matters pertaining to the election, requiring the immediate devotion of very large blocks of time, presents a significantly greater degree of "surprise" than is usual.

In short, we repeat our apology for failing to file the opposition and reply materials by the deadline. In light of the circumstances presented, we respectfully request that the Court excuse the week-late filing.

Dated: December 1, 2020

        Respectfully submitted,

        THE PLAINTIFFS,

        By their attorneys,


        /s/ David D. Jensen
        David D. Jensen, Esq.
        Admitted *Pro Hac Vice*
        David Jensen & Associates
        33 Henry Street
        Beacon, New York 12508
        Tel: 212.380.6615
        Fax: 917.591.1318
        david@djensenpllc.com

        J. Steven Foley
        BBO # 685741
        Law Office of J. Steven Foley
        100 Pleasant Street #100
        Worcester, MA 01609
        Tel: 508.754.1041
        Fax: 508.739.4051
        JSteven@attorneyfoley.com

        Jason A. Guida
        BBO # 667252
        Principe & Strasnick, P.C.
        17 Lark Avenue
        Saugus, MA 01960
        Tel: 617.383.4652
        Fax: 781.233.9192
        jason@lawguida.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Dec. 1, 2020.

 /s/ David D. Jensen
David D. Jensen, Esq.