UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL MCCARTHY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES D. BAKER, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 1:20-cv-10701-DPW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' LATE-FILED
MOTION TO ADJUST BRIEFING DEADLINES**

Defendants oppose Plaintiffs' Motion to Adjust Briefing Deadlines on the following grounds:

On December 1, 2020, Plaintiffs first filed their request for an adjustment to the court-ordered Summary Judgment briefing schedule, a date that was more than three weeks after the November 9 deadline they sought to adjust. ECF Doc. Nos. 132, 139. Specifically, after belatedly filing their opposition papers to the Defendants' Cross-Motion for Summary Judgment on November 16 (ECF Doc. 135), a date that was already a week late, Plaintiffs then failed to provide an excuse for their late filings or to seek an adjustment to the Court's schedule for another two weeks, until December 1, 2020. Plaintiffs' unexcused delay and the attendant uncertainty caused the Defendants to file two otherwise unnecessary motions: a motion to strike and a motion to file a conditional reply in case the Plaintiffs' unexcused filing is ultimately allowed. ECF Nos. 136, 138.

Plaintiffs' belated justifications for their late filings are legally deficient. Although Defendants are mindful of the impact of the press of other business in a solo practice, there are

three law firms representing the Plaintiffs.  Although one counsel represents that he "has been responsible for taking the lead in formulating briefings and legal arguments," he does not explain why Plaintiffs' other two lawyers could not have undertaken the administrative task of filing a timely motion to adjust the court-ordered briefing schedule.  ECF Doc. No. 140.  Had they done so, substantial resources could have been saved and much confusion could have been avoided.

It is Plaintiffs, not the Defendants, who filed this action on an emergency basis. Now that the Plaintiffs' case is no longer urgent because gun stores are open, they should not be permitted to ignore deadlines and thereby to create unnecessary delay and extra work for opposing counsel. Their three-week late motion seeking retroactive relief from deadlines should therefore be denied.

December 8, 2020

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ Gary Klein
 Gary Klein
Special Assistant Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 651-3650
Gary.Klein@state.ma.us

Julia E. Kobick
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@mass.gov

**CERTIFICATE OF SERVICE**

-3-

      I certify that this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF).

                                      /s/ Gary Klein
                                      Gary Klein
                                      Special Assistant Attorney General