UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL MCCARTHY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CHARLES D. BAKER, in his Official Capacity as Governor of the Commonwealth of Massachusetts, et al., <br><br> *Defendants*. | CIVIL ACTION <br> NO. 1:20-cv-10701-DPW |

**FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**

The defendants—Governor Charles D. Baker, Acting Department of Public Health Commissioner Margret R. Cooke,[1] and Department of Criminal Justice Information Services Commissioner Jamison R. Gagnon—submit the attached Order as supplemental authority relevant to the defendants' pending Motion to Dismiss (Doc. Nos. 104-105) and Cross-Motion for Summary Judgment (Doc. Nos. 126-129).

On June 15, 2021, pursuant to COVID-19 Order No. 69, the Commonwealth of Massachusetts's COVID-19 state of emergency ended. COVID-19 Order No. 69 is attached to this Notice as Exhibit A. Under that Order, all COVID-19 Orders issued pursuant to the Governor's authority under the Civil Defense Act, Mass. St. 1950, c. 639, were rescinded along with the March 10, 2020 Declaration of Emergency. Thus, Governor Baker no longer has any authority under the March 10, 2020 Declaration of Emergency to impose any COVID-19 related restrictions on firearms sales. Under these circumstances, it is plain that the case or controversy

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Public Health Commissioner Margret R. Cooke should be substituted for former Public Health Commissioner Monica Bharel, whose resignation from her role as Public Health Commissioner became effective June 18, 2021.

that once existed between the parties in this matter has become moot. Furthermore, the voluntary cessation doctrine cannot save the plaintiffs' claims from dismissal for mootness because, in light of the termination of the COVID-19 state of emergency, "it is absolutely clear [that] the allegedly wrongful behavior could not reasonably be expected to recur.'" *Bayley's Campground, Inc. v. Mills*, 985 F.3d 153, 158 (1st Cir. 2021) (quoting *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 55 (1st Cir. 2013)).

    Respectfully submitted,

    CHARLES BAKER, Governor of the Commonwealth of Massachusetts; MARGRET COOKE, Acting Commissioner of the Department of Public Health; and JAMISON GAGNON, Commissioner of the Department of Criminal Justice Information Services,

    By their attorney,

    MAURA HEALEY
    ATTORNEY GENERAL

    /s/ Julia E. Kobick
    Julia E. Kobick (BBO No. 680194)
    Assistant Attorney General
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 963-2559
Dated: July 1, 2021    Julia.Kobick@mass.gov

**CERTIFICATE OF SERVICE**

I certify that, on July 1, 2021, this document, filed through the Court's ECF system, will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General

# Exhibit A



**OFFICE OF THE GOVERNOR**
**COMMONWEALTH OF MASSACHUSETTS**
STATE HOUSE • BOSTON, MA  02133
(617) 725-4000

**CHARLES D. BAKER**
GOVERNOR

**KARYN E. POLITO**
LIEUTENANT GOVERNOR

## ORDER ANNOUNCING THE TERMINATION OF THE MARCH 10, 2020 STATE OF EMERGENCY AND RESCINDING COVID-19 EXECUTIVE ORDERS ISSUED PURSUANT TO THE MASSACHUSETTS CIVIL DEFENSE ACT

COVID-19 Order No. 69

**WHEREAS,** on March 10, 2020, I, Charles D. Baker, Governor of the Commonwealth of Massachusetts, acting pursuant to the powers provided by Chapter 639 of the Acts of 1950 ("Civil Defense Act") and Section 2A of Chapter 17 of the General Laws, declared that a state of emergency had arisen within the Commonwealth of Massachusetts due to the outbreak of the 2019 novel Coronavirus ("COVID-19");

**WHEREAS,** on March 11, 2020, the COVID-19 outbreak was characterized as a pandemic by the World Health Organization;

**WHEREAS,** on March 13, 2020, the President of the United States declared that the COVID-19 outbreak constituted a nationwide emergency pursuant to Section 501(b) of the Stafford Act and Sections 201 and 301 of the National Emergencies Act;

**WHEREAS,** sections 7, 8, and 8A of the Civil Defense Act authorize the Governor, during the effective period of a declared emergency, to exercise any and all authority over persons and property necessary or expedient for meeting the state of emergency, including but not limited to authority over assemblages in order to protect the health and safety of persons, transportation and travel by any means or mode, control over educational facilities supported in whole or in part by public funds, regulating the sale of articles of food and household articles, variance of the terms and conditions of licenses and permits issued by the Commonwealth or any of its agencies or political subdivisions, and policing, protection, and preservation of public and private property;

**WHEREAS,**  in reliance on these emergency powers, beginning on March 12, 2020, I issued a series of Orders ("COVID-19 Orders") that temporarily closed certain businesses and activities and otherwise mandated special restrictions, allowances, and safety measures, all in order to limit opportunities for spreading the COVID-19 virus within the Commonwealth, to reduce the

1

PRINTED ON RECYCLED PAPER

pressure placed on the Commonwealth's health care system, and to protect the health and safety of all residents of the Commonwealth;

**WHEREAS,** in response to sustained improvements in the public health data beginning in February 2021 and attributable most directly to the development and effective distribution to the public of safe, highly effective, and free COVID-19 vaccines, I have successively rescinded or adjusted many of the Orders that imposed special measures to address the risks of COVID-19, and the Commonwealth has steadily advanced to the final stages of its phased Re-Opening Plan;

**WHEREAS,** as of May 27, 2021, over 3.5 million residents of the Commonwealth have been fully vaccinated against the COVID-19 virus, and over 4.3 million have received at least a first dose, and over 78 percent of Massachusetts adults overall and over 89 percent of Massachusetts residents 75 years and older have received at least a first dose;

**WHEREAS,** the remaining threats to the public health presented by the COVID-19 virus will shortly no longer require the exercise of the extraordinary powers that the Civil Defense Act grants to the Governor in a time of emergency to take executive action, outside the normal processes of government and across the established geographic and political divisions of authority, in order to coordinate State and Local relief efforts and to act without delay as necessary to protect the public health and welfare; and

**WHEREAS,** even acknowledging the declining risks posed by COVID-19, a brief continuation of certain COVID-19 Orders for some interim period will be necessary to accommodate an orderly transition from special State-wide measures implemented over the past 15 months by executive order to more permanent measures instituted through the regular means of government;

**NOW, THEREFORE,** I hereby Order the following:

1. <u>Rescinding of COVID-19 Orders and Related COVID-19 Safety Rules</u>

Effective at 12:01 am on May 29, 2021, all COVID-19 Orders that have issued above my signature and pursuant to the Civil Defense Act since my March 10, 2020 declaration of a state of emergency are rescinded in full unless specifically identified in section 2 of this Order as continued until June 15, 2021.

Effective at 12:01 am on May 29, 2021, all rules, restrictions, and limitations issued by the Department of Labor Standards, Department of Public Health, the Executive Office of Energy and Environmental Affairs, or any other agency or commission authorized by prior COVID-19 Order to issue rules and policies implementing the provisions of the above rescinded Orders, including COVID-19 workplace safety rules, shall likewise be rescinded and have no further effect.

Public Health Orders that have been issued by the Commissioner of Public Health acting on her authority pursuant to section 2A of chapter 17 of the General Laws are not withdrawn or rescinded by this Order and shall remain in effect until rescinded by the Commissioner or until their

2

expiration upon the termination of the state of emergency provided for in section 3 below unless such orders are continued by the Commissioner acting under separate authorization.

2. Continuation of Certain COVID-19 Orders

The COVID-19 Orders listed below shall remain in effect until the state of emergency is terminated on June 15, 2021 in order to facilitate an orderly transition to measures applicable following the ending of the state of emergency.

   a. COVID-19 Order No. 1: Order Suspending Certain Provisions of the Open Meeting Law, G. L. c. 30A, § 2
   b. COVID-19 Order No. 24: Order Authorizing Nursing Practice by Graduates and Senior Students of Nursing Education Programs
   c. COVID-19 Order No. 26: Order Authorizing the Creation and Operation of Emergency Residential Programs and Emergency Placement Agencies for Children
   d. COVID-19 Order No 36: Order Authorizing Re-Opening Preparations for Child Care Programs
   e. COVID-19 Order No. 42: Order Resuming State Permitting Deadlines and Continuing to Extend the Validity of Certain State Permits
   f. COVID-19 Order No. 49: Order Authorizing Certain Program Adjustments to Support Families with Students Engaged in Remote Learning
   g. Section 1 of COVID-19 Order No. 50: Order Making Certain Phase III Adjustments, which provided an option for municipal authorities to grant or extend special municipal permits for expanded outside dining and alcohol service to a date 60 days past the end of the state of emergency
   h. COVID Order No. 61: Revised Order Expanding Access to Inpatient Services

3. Termination of the March 10, 2020 State of Emergency

Effective at 12:01 am on June 15, 2021, the declaration that I issued on March 10, 2020 pursuant to the Civil Defense Act and Section 2A of Chapter 17 of the General Laws is rescinded and the state of emergency initiated by that declaration is terminated with respect to both statutes.

Given in Boston at 11:15 AM/PM this 28th day of May, two thousand and twenty-one

*Charles D. Baker*

CHARLES D. BAKER
GOVERNOR
Commonwealth of Massachusetts

3